12892

BECKNELL *ET AL.* v. WATERS *ET AL.*

(152 S. E., 816)

*Mr. R. B. Paslay,* for appellants,

*Messrs. Nicholls, Wyche & Byrnes,* also for appellants,

*Mr. L. G. Southard,* for respondents.

April 15, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought by the plaintiffs as freeholders and qualified electors of Switzer School District No. 41, in Spartanburg County, to compel the County Board of Education and E. C. Switzer and A. P. Walden, as trustees of that district, to hold an election for trustees thereof. The case involves construction of an Act of the Legislature (36 Stat. at Large, p. 28), approved February 8, 1929, entitled "An Act Repealing Section 2 of an Act entitled 'An Act Relating to the Election of School Trustees of Spartanburg County,' Approved March 10th, 1928, and Providing for the Naming of Trustees of Said School District."

Section 1 of this Act is as follows: "Be it enacted by the General Assembly of the State of South Carolina: That Section 2 of an Act entitled 'An Act Relating to the Election of School Trustees of Spartanburg County,' approved March 10th, 1928, be, and the same is hereby repealed and

the following inserted in lieu thereof: In all School Districts in Spartanburg County, except in School District No. 34, comprising the City of Spartanburg, the terms of office of the present school trustees shall expire on the 1st day of April, 1929. Upon a petition signed by at least one-third (1/3) of the qualified electors and one-third (1/3) of the resident freeholders of any school district being filed with the County Superintendent of Education on or before the 1st Tuesday in March, 1929, the County Board of Education shall order an election in such school district for the purpose of electing the trustees thereof, which shall be held by the Board of Trustees in office at the time upon giving not less than two weeks notice of the time, place and object of said election, in a County newspaper, and by posting the same in at least three public places in said school district for not less than ten days before the said election: At said election only qualified electors residing in said district shall be allowed to vote. Should no such petition be filed as allowed herein it shall then become the duty of the County Board of Education of Spartanburg County to appoint the Trustees. The Trustees elected or appointed, as the case may be, shall hold office until the first Tuesday of July, 1930, thereafter the said Trustees shall be named as follows: Upon a petition signed by at least one-third (1/3) of the qualified electors and one-third (1/3) of the resident freeholders of any school district being filed with the County Superintendent of Education on or before the first day of June, 1930, and every two years thereafter, when said offices are to be filled, the County Board of Education shall order an election in such school districts for the purpose of electing the trustees thereof, which election shall be held by the Board of Trustees in office at the time, upon giving not less than two weeks notice of the time, place and object of said election in a County newspaper and by posting the same in at least three public places in said school district in not less than ten days before said election and that at said election only qualified

electors residing in said school district shall be allowed to vote. Should no such petition, however, be filed it shall be the duty of the County Board of Education to appoint Trustees on the first Tuesday of July or as soon as practical thereafter as required by law."

The Act also provides for the repeal of all inconsistent legislation and for its taking effect immediately upon its approval by the Governor.

Upon the verified complaint, his Honor, Judge Sease, passed an order requiring the defendants to show cause before him why the prayer of the complaint should not be granted, and why they should not be directed to order and hold the election. Upon the hearing on the rule to show cause, Judge Sease passed an order which is, in part, as follows:

"It is therefore ordered, adjudged and decreed that the Board of Education be and it is hereby ordered and directed to make a new order, ordering an election for school trustees for Switzer School District No. 41, designating in said order the time and place of holding said election, and forthwith serve the same upon the respondents E. C. Switzer and A. P. Walden, trustees of said school district.

"It is further ordered, adjudged and decreed that upon the receipt of the said order, the said E. C. Switzer and A. P. Walden, trustees of School District No. 41, be and they are hereby ordered and directed to forthwith proceed to hold an election for trustees for School District No. 41, in accordance with the rules and laws governing general elections, and to give the notice of the time and place and object of the said election, as required by the said Act of 1929, to appoint the required managers for the holding of said election, the result of which should forthwith be reported to the County Board of Education and the Spartanburg County Board of Canvassers."

From this order the defendants appeal.

Uncontroverted allegations of the complaint and the separate returns of the County Board of Education and Switzer and Walden, designated as trustees, establish the following facts:

Switzer and Walden were trustees of District No. 41 for some years prior to April 1, 1929, and their successors have not been selected or qualified. On March 4, 1929, there was filed with the County Superintendent of Education a petition signed by more than one-third of the freeholders and more than one-third of the qualified electors of the district, petitioning the Board of Education to order an election for the purpose of electing trustees of the district. On April 2 or 3, 1929, after the date fixed by the Act for termination of the terms of office of the trustees, Switzer and Walden received from the Board of Education a notice to hold such election, but have failed to do so.

The appellants Switzer and Walden contend that the Circuit Judge erred in not holding the 1929 Act unconstitutional as being in violation of Article 3, § 17, of the Constitution, which provides that "every Act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title."

We have had occasion several times recently to construe this section of the Constitution (*State v. Moorer,* 152 S. C., 455, 150 S. E., 269; *Alley v. Daniel,* 153 S. C., 217, 150 S. E., 691; *Means v. Highway Department,* 146 S. C., 19, 143 S. E., 360; *McKiever v. City of Sumter,* 137 S. C., 266, 135 S. E., 60), and it is unnecessary to repeat the rules of construction there laid down. It is sufficient to say that, tested by these rules, the Act cannot be held unconstitutional. The provision that "the terms of office of the present school trustees shall expire on the 1st day of April, 1929," is clearly germane to the purpose of the Act as shown in the title; that is, to provide for the naming of trustees of the school districts.

Nor can the Act be held unconstitutional on the ground, as urged, that it excepts District No. 34, comprising the City of Spartanburg, from its provisions. Appellants have apparently overlooked Section 6 of Article 11 of the State Constitution, which specifically provides that the manner of selection of school district trustees need not be uniform throughout the State.

Turning to a construction of the statute itself, we find that the controversy centers around the question as to whether Switzer and Walden, no successors to them having been selected or qualified, held over as trustees after April 1, 1929, when their terms of office expired under the 1929 Act. They contend that, as their terms of office expired on April 1, 1929, they were not trustees of the district after that date and have no authority to hold the election in question. If the Act of 1929 contained all the provisions of law relating to the terms of office of school trustees affected thereby, there might be some merit in this contention, but this Act must be considered in connection with the general law relating to the same subject. There is nothing in the Act which either expressly or by implication, indicates that the provisions of the general law relating to the terms of office of trustees, where not inconsistent with the special Act, shall not be given effect. Upon inspection of the general law, we find that it provides (Section 2615, Vol. 3, 1922, Code), that school trustees "shall hold their office for two years, and until their successors are appointed and qualified." The Act of 1929 does not abrogate that provision, but merely fixes the date at which the terms of the trustees to which it is applicable shall terminate, as being April 1, 1929. It was clearly the intent of the Legislature, nothing to the contrary appearing, that the provision in the general law for the holding over by trustees should be applicable also under the 1929 Act. No other construction of the statute in question would be consistent with reason and common sense. It cannot be assumed, in the absence of unequivocal language,

that the Legislature intended, by the Act of 1929, to place the school districts of Spartanburg County in a situation in which, through some unforeseen or unavoidable contingency, or dereliction of duty on the part of some public official, any one of them should be without trustees for any period of time, and particularly in the midst of the school year, to carry on its affairs. The public schools are too fundamental an element of our civilization for us to conclude that the Legislature has created such a situation, unless the laws enacted will admit of no other construction.

This case may be easily differentiated from *Gibbes v. Richardson,* 107 S. C., 192, 92 S. E., 333, relied on by appellants. The statute creating the office of Chief Game Warden provided that "his term of office shall be four years," and there was no provision that he should hold over until his successor should be elected and qualified. The Court held that Richardson was not game warden after the expiration of his four-year term, basing that conclusion upon the absence of any warrant of law for extending his term beyond the four years limited by the statute.

We do not consider it necessary to discuss the other exceptions; we have given them careful consideration, and find them without merit.

The order appealed from is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.