## 21882

In the Interest of DARLENE C., a Child Under Seventeen Years of Age, Appellant.
(301 S. E. (2d) 136)

*Asst. Appellate Defender William Isaac Diggs*, of *S. C. Com'n of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Martha L. McElveen*, Columbia, *for respondent.*

March 16, 1983.

HARWELL, Justice:

This is an appeal from a juvenile proceeding in Family Court. Appellant alleges the court erred in adjudicating her delinquent and committing her to the Department of Youth Services for an indeterminate period not exceeding her twenty-first birthday. We remand for resentencing.

During oral argument appellant's counsel stated that appellant served several months in the detention center and is presently on probation. Normally, this would render the case moot, but we find the issue raised is "capable of repetition but evading review" and, therefore, take jurisdiction. *Roe v. Wade*, 410 U. S. 113, 93 S. Ct. 705, 35 L. Ed. (2d) 147 (1973).

On February 9, 1982, the family court found appellant, a sixteen year old, to be a runaway child. It ordered her to be placed in the North Augusta Girls' Home and to receive counseling from the Mental Health Center. Further, the order stated that if appellant failed to abide by its mandate, the court would find her in contempt. Two days later, appellant promptly ran away again. Consequently, the family court issued a Rule to Show Cause as to why appellant should not be held in contempt of court for violating the previous court order. Appellant appeared at the Rule to Show Cause hearing but offered no defense. Thereafter, the judge ruled her in

contempt of his February 9 order. The judge acknowledged that appellant had appeared before him on several occasions as a truant and runaway, a status offender. A status offense is one which, if committed by an adult would not be a crime. S. C. Code Ann. § 20-7-30(6) (1981 Cum. Supp.). The legislature has mandated that a status offender not be placed in a detention facility. S. C. Code Ann. § 20-7-600 (1981 Cum. Supp.). Nevertheless, the court concluded that by violating the previous order, appellant elevated her status to one of a delinquent. The court sentenced her as a delinquent to commitment in a detention center for an indeterminate period not to exceed her twenty-first birthday.

The issue is whether a juvenile who commits criminal contempt by running away in violation of a court order may be given a disposition reserved for delinquents who have committed offenses which would be crimes if committed by an adult. We conclude that, under the most egregious circumstances as we have here, family courts may exercise their contempt power in such a manner that a status offender will be incarcerated in a secure facility.

Although we have held that juvenile offenders may be punished only as prescribed by the South Carolina Children's Code, *Matter of Westbrooks*, S. C., 288 S. E. (2d) 395 (1982), the Code specifically provides that it shall be interpreted in conjunction with all relevant laws and regulations. S. C. Code Ann. § 20-7-20 (1981 Cum. Supp.). Therefore, when dealing with juveniles, family courts may look to their inherent powers as well as to the Children's Code. All courts possess the inherent power to punish contemnors. That power is essential to the preservation of order in judicial proceedings, and to the enforcement of the courts' judgments, orders and writs and consequently to the due administration of justice. *Curlee v. Howle*, S. C., 287 S. E. (2d) 915 (1982). We conclude the family court properly held appellant in contempt. In this case the record reflects that appellant had appeared in family court for the status offenses of running away and truancy. She appeared in court fourteen different times over a two and a half year span. In this particular instance, she ran away from the very home in which she asked to be placed.

We acknowledge the legislature's concern with the effects of commingling disobedient children with juveniles who have

allegedly committed more serious crimes. However, the legislature has not dealt adequately with the problem of chronic runaways. By enacting S. C. Code Ann. § 20-7-600, the legislature requires the family court to perform an exercise in futility by requiring the court to place a runaway in a nonsecure environment. We believe that if family courts are to retain jurisdiction of runaways, they must have the authority to handle them. Their inherent contempt powers provide such tools.

Nevertheless, we hold that *only* under the most egregious circumstances should family courts exercise their contempt power in such a manner that a status offender will be incarcerated in a secure facility. Before a chronic status offender is placed in a secure facility, the record must show that all less restrictive alternatives have failed in the past. *State ex rel. L.E.A. v. Hammergren*, 294 N. W. (2d) 705, (Minn. 1980). Additionally the following elements should exist: (1) the existence of a valid order directing the alleged contemnor to do or refrain from doing something and the court's jurisdiction to enter that order; (2) the contemnor's notice of the order with sufficient time to comply with it; and in most cases, (3) the contemnor's ability to comply with the order; and (4) the contemnor's willful failure to comply with the order. *L.A.M. v. State*, 547 P. (2d) 827 (Alaska 1976). Furthermore, the record must reflect the juvenile understood that disobedience would result in incarceration in a secure facility. Recently, Indiana's legislature has provided by statute similar dispositions for its chronic status offenders. See, *W.M. v. State*, 437 N. E. (2d) 1028, (Ind. App. 1982).

In this case, the family court adjudicated appellant a delinquent before sentencing her under the provisions of the Children's Code. We think that procedure is unnecessary, if not improper. Today we have held that family courts possess the inherent power to punish contemnors. Therefore, we remand for resentencing appellant as a contemnor, not as a delinquent. Upon resentencing, appellant may be committed to a secured facility for no more than six months. Additionally, appellant should receive credit for the time she already has served.

We conclude that the family court may punish appellant as

a contemnor under its inherent powers. However, under the Children's Code, it may not sentence appellant as a delinquent when she is, in fact, merely a chronic status offender.

Remanded.

LEWIS, C.J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.