22477

In the Interest of ANGELA H., a Minor Under the Age
of Seventeen Years, Appellant.
(340 S. E. (2d) 544)

Supreme Court

*Asst. Appellate Defender Elizabeth C. Fullwood,* and *Mark D. Stokes,* both of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carlisle Roberts, Jr.,* Columbia, and *Solicitor J. DuPre Miller,* Bennettsville, *for respondent.*

Heard Jan. 7, 1986.

Decided Feb. 24, 1986.

GREGORY, Justice:

Appellant Angela H. was adjudicated a delinquent because she had 21 unexcused absences from school. This appeal followed. We reverse.

Appellant's first contention is the Family Court erred in including as unexcused absences for the purposes of the compulsory attendance law[1] 13 days she was under suspension. We agree.

Section 59-65-80 of the Code of Laws of South Carolina (1976) specifically states a child who has been expelled or suspended from school may not be required to attend. There-

---

[1] S. C. Code Ann. § 59-65-10, *et seq.* codifies the Compulsory Attendance Law.

fore, it is clear that days on which appellant was under suspension should not have been used to calculate unexcused absences.

Second, it is alleged the Family Court judge erred in *sua sponte* excusing witnesses subpoenaed by appellant. This was error. The Sixth Amendment of the United States Constitution and S. C. Code Ann. § 19-7-60 (1976) guarantee a criminal defendant compulsory process for obtaining witnesses. Although this right may be waived, there is no authority permitting the court to take it away. 97 C.J.S. *Witnesses* § 6.

Finally, appellant contends the adjudication of delinquency was improper because there was no evidence her absences occurred without the knowledge, consent or connivance of her mother. The record is void of this evidence, and it appears the mother, in fact, knew of her absences. S. C. Code Ann. § 59-65-70 (1976) only permits a finding of delinquency where the absences occur ". . . without the knowledge, consent, or connivance of the responsible parent or guardian. . . ." Since there was no such evidence in the record, the adjudication of delinquency was erroneous.

Reversed.[2]

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[2] No question has been raised regarding the propriety of an adjudication of delinquency in a truancy proceeding. *Compare* S. C. Code Ann. § 20-7-30 (Supp. 1985); S. C. Code Ann. § 59-65-70 (1976); *See In re Darlene C.,* 278 S. C. 664, 301 S. E. (2d) 136 (1983). We express no opinion on this issue.