23122

In the Matter of JOHNNY J. (a minor under the age of seventeen), Appellant.

(387 S. E. (2d) 251)

Supreme Court

*Asst. Appellate Defender Wanda Hagler Haile*, of the *S. C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.*, and *Sol. James C. Anders*, Columbia, *for respondent.*

Heard Oct. 31, 1989.

Decided Dec. 11, 1989.

GREGORY, Chief Justice:

Appellant was adjudicated a delinquent for violation of probation, running away, and incorrigibility. He was committed to the custody of the Department of Youth Services (DYS) for an indeterminate period not to exceed his twenty-first birthday. We reverse and remand.

On June 30, 1987, appellant was initially placed under probationary supervision with DYS for six months after pleading guilty to disturbing school under S. C. Code Ann. § 16-17-420 (1985). On November 12, 1987, he was found in violation of probation for failing to attend school and disobeying home rules and was placed in a group home with continued probationary supervision.

On January 20, 1988, appellant was charged in the instant case with violation of probation, running away, and incorrigibility. An order of temporary commitment was issued placing him in custody of DYS for forty-five days for evaluation. At the dispositional hearing, it was recommended appellant be committed to DYS custody because he refused to attend school. There was also evidence

appellant had returned to his parents' home and his behavior at home had improved. Appellant's parents wished him to remain at home and obtain his high school diploma while attending a job training program. The family court ordered appellant committed to DYS custody upon an adjudication of delinquency.

A juvenile who is merely a status offender may not be ██ placed in a detention facility unless he is first found in contempt of a previous court order and all less restictive alternatives have failed in the past. *In re: Darlene C.*, 278 S. C. 664, 301 S. E. (2d) 136 (1983); S. C. Code Ann. § 20-7-600(d) (Supp. 1988); *see also* S. C. Code Ann. § 20-7-30(6) (1985) (status offense is an offense which would not be a misdemeanor or felony if committed by an adult). Only under the most egregious circumstances should a family court exercise its contempt power in such a manner that a status offender will be incarcerated in a secure facility. *Darlene C.*, 278 S. C. at 667, 301 S. E. (2d) at 138.

Appellant was never held in contempt of court. All violations of his probation were status offenses.[1] Under our holding in *Darlene C.*, appellant should not have been committed to indefinite custody for behavior as a chronic status offender.

Accordingly, the judgment of the family court is reversed and the case is remanded.

Reversed and remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.

────────

[1] Although appellant originally pleaded guilty to a misdemeanor offense, there were no suspended sentence to be imposed upon revocation of probation.