The Honorable Kevin Hatfield State Representative P.O. Box 742 Huntsville, Arkansas 72740
Dear Representative Hatfield:
This is in response to your request for an opinion on two questions concerning student attendance policies. Specifically, you have posed two situations and inquire as to their outcome under the "school attendance law".
The first question is as follows:
 A student has seven absences. The district policy only allows nine. The student violates the district discipline policy and is suspended from school for three days. Are these three days counted as absences, thus making the parents subject to legal action pursuant to the attendance law?
Your question involves a construction of Act 473 of 1989, which is codified in part at A.C.A. 6-18-222 (Supp. 1989). That act was amended, however, by Act 70 of 1989 (3rd Ex. Sess). Section 1 (a) of Act 70 provides as follows:
 The Board of Directors of each school district in this state shall adopt a student attendance policy as provide for in Ark. Code 6-18-209 which shall include a certain number of an excessive absences [sic] which may be used as a basis for denial of course credit, promotion or graduation. However, excessive absences shall not be a basis for expulsion or dismissal of a student. The legislative intent is that a student having excessive absences because of illness, accident or other reasons should be given assistance in obtaining credit for the courses.
Additionally, section 3 of Act 70 provides as follows:
 Whenever a student exceeds the number of excessive absences as provided for in the district's student attendance policy, and the school district notifies the prosecuting or city attorney, the student's parents, guardians or parents in loco parentis shall be subject to a civil penalty in such an amount as a court of competent jurisdiction presiding in the presence of a representative of the school district may prescribe, but not to exceed five hundred dollars ($500.00) plus costs of court and any reasonable fees assessed by the court. The penalty shall be forwarded by the court to the school attended by the student.
Your question involves whether a three day suspension resulting from a disciplinary violation should be included as three "absences" for purposes of the attendance policy, thus subjecting the parents to the penalty provided for in the act.[1]
We should note that we have not been provided with a copy of the attendance policy of the district in question. Assuming that nothing in the policy is of help in resolving this question, it is my opinion that, generally, "absences" resulting from disciplinary suspensions should not be counted for purposes of the attendance policy. It is my opinion that these three days of suspension may not be true "absences" as that term is used in the act. When a student is suspended from school, he or she is prohibited from attending. This is not exactly the same thing as an "absence". See generally, In the Interest of Angela H., 287 S.C. 598,340 S.E.2d 544 (1986).
Additionally, the emergency clause of Act 70 provides that:
It is hereby found and determined by the General Assembly that parental involvement is a necessary part of a student's education, and the General Assembly feels very strongly that a student's parents, guardians or persons in loco parentis should be informed of excessive student absences and should bear certain responsibilities regarding their student's absences. . . .
The act seeks to place responsibility on the parents regarding student absences. Toward that end, parents are notified of excessive absences and must pay a civil penalty if a set number of absences occur. Placing responsibility on the parent for a suspension which has resulted not from absences, but from a disciplinary infraction, does not seem to be contemplated by the act.
Your second question arises out of the following situation:
 A sixteen year old student violates the district discipline policies to the extent that the student is expelled from school. Can the school district report the student to the Department of Finance and Administration so that the student's driver's license may be revoked for the duration of the expulsion or until the student's seventeenth birthday?
Section 5 of Act 70 is the relevant provision. It amends Section 2 (a) of Act 473 of 1989 to provide as follows:
 (a)(1) Each public, private, or parochial school shall notify the Department of Finance and Administration whenever a student fourteen (14) years of age or older is no longer in school.
 (2) Upon receipt of such notification, the Department of Finance and Administration shall notify the licensee by certified mail, return receipt requested, that his motor vehicle operator's license will be suspended unless a hearing is requested in writing within thirty (30) days from the date of notice.
 (3) The licensee shall be entitled to retain or regain his license by providing the Department of Finance and Administration with adequate evidence that:
(A) the licensee is seventeen (17) years of age;
(B) the licensee is attending school; or
 (C) the licensee has obtained a high school diploma or its equivalent.
The act also authorizes the Department to promulgate rules and regulations, and to grant exceptions to the suspension requirement where necessary to alleviate financial hardship.
This section of the act does not make its provisions dependent upon a student no longer being in school because of excessive absences. It merely provides that when a student fourteen years or older is "no longer in school" DFA shall be notified and shall notify the student that his license will be suspended unless a hearing is requested. The license can be retained only if the student can prove that he or she is seventeen, is attending school, or has obtained a high school diploma or its equivalent. The law as it is currently written operates to take away the license or learner's permit of any minor between the ages of 14 and 17 who is not in school, regardless of the reason. This is true unless the minor can show that he or she has a high school diploma or its equivalent, or can take advantage of the "financial hardship" exception authorized by the act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
Steve Clark Attorney General
[1] It should be noted that prior to the adoption of Act 70 of the Third Extraordinary Session of 1989, the language of Act 473 of 1989 dealt with excessive "unexcused" absences. The amendment made by Act 70, however, has omitted the word "unexcused" and simply uses the phrase "excessive absences".