23825

In the Interest of STACEY R., a minor under the age of seventeen years, Appellant.
(428 S.E. (2d) 869)

Supreme Court

*Asst. Appellate Defender Wanda H. Haile,* of *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Miller W. Shealy, Jr., Sol. Richard A. Harpootlian,* Columbia, *for respondent.*

Submitted March 2, 1993.

Decided March 22, 1993.

*Per Curiam:*

Appellant, a fifteen-year-old female, was adjudicated delinquent upon a finding of incorrigibility and sentenced to six month confinement at the Department of Youth Services (DYS). Appellant's counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. (2d) 493 (1967). Appellant has served her sentence so the matter would generally be held to be moot. However, we ordered the parties to brief the issue whether appellant was improperly sentenced since the question is capable of repetition yet will frequently evade review. *In re Darlene C.,* 278 S.C. 664, 301 S.E. (2d) 136 (1983). We now vacate the sentence of the family court judge.

Incorrigibility is a status offense, which means that if it were committed by an adult it would not be a crime. S.C. Code Ann. §§ 20-7-30(6) (1985). A juvenile taken into custody for committing a status offense shall not be placed in a detention facility unless she is first found in contempt of a previous court order and all less restrictive alternatives have failed in the past. *In re Johnny J.,* 300 S.C. 226, 387 S.E. (2d) 251 (1989); *In re Darlene C., supra;* S.C. Code Ann. § 20-7-600(d) (Supp. 1992).

In the present case, the solicitor and appellant's attorney supported DYS' recommendation that appellant be allowed to return to her mother's care at home. Despite this unanimous recommendation and despite the clear language of the statute cited above, appellant was sentenced to confinement at DYS. We reject the State's argument that

*In re Johnny J.* and *In re Darlene C.* are distinguishable because appellant was sentenced to six months and not to an indefinite term. This argument ignores the plain language of § 20-7-600(d), and is devoid of merit. The family court judge clearly erred in imposing sentence.

Therefore, we affirm the finding of incorrigibility but vacate appellant's sentence. We again remind family court judges that mere status offenders are not to be placed in detention facilities.

Affirmed in part; vacated in part.