545 S.E.2d 507

**FLORENCE COUNTY, Respondent,**

v.

**Albert MOORE, Florence County Treasurer, and Dean C. Fowler, Jr., Florence County Treasurer–Elect, Defendants,**

**of whom Albert Moore is Appellant,**

**and**

**Dean C. Fowler, Jr. is Respondent.**

**No. 25277.**

Supreme Court of South Carolina.

Heard Feb. 21, 2001.

Decided April 9, 2001.

Steve Wukela, Jr., of Florence, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General Treva G. Ashworth, and Assistant Deputy Attorney General J. Emory Smith, Jr., all of Columbia, for respondent Fowler.

Florence County Attorney Dale R. Samuels, of Florence, for respondent Florence County.

PLEICONES, Justice:

This case comes before the Court on appeal from the circuit court. The court below held that the candidate elected county treasurer in a general election for the term to commence on July 1, 2001, was entitled to assume office before that date, immediately upon taking the oath of office, notwithstanding that the office was filled by a gubernatorial appointee whose term had not expired. We reverse.

## FACTS/ PROCEDURAL HISTORY

The governor appointed appellant Albert Moore ("Moore") to serve as Treasurer of Florence County on March 10, 1999, pursuant to authority granted in S.C.Code Ann. § 1–3–220(2) (Supp.2000). The position became vacant after the elected treasurer was unable to fulfill his term. Initially, the gover-

nor appointed Thomas Shearin to the office. When Shearin resigned, the governor appointed Moore. The governor commissioned Moore to serve "until his successor is elected and qualified as provided by law."

Moore thereafter filed for election to the position for the term commencing July 1, 2001, and ending June 30, 2005. Respondent Dean Fowler ("Fowler") likewise filed to run for the position. He listed the term of office sought as beginning 2001 and ending 2005. In the general election held November 7, 2000, Fowler was elected treasurer.

Shortly after his election, Fowler took the oath of office, posted the required bond, and received a commission from the governor.[1] Soon thereafter, Fowler sought to assume the office. Moore resisted Fowler's attempts, asserting that he was the lawfully appointed treasurer and would remain so until the expiration of the unexpired term to which he had been appointed, i.e., the term ending June 30, 2001. Fowler, on the other hand, claimed that he was the rightful treasurer since he had been elected and had qualified for the office.

Two actions were subsequently initiated. Moore initiated suit on November 28, 2000, seeking to establish his entitlement to continue in the position of treasurer through June 30, 2001. Florence County brought suit against Moore and Fowler in November 2000, seeking a declaratory judgment as to who would serve as treasurer through June 30, 2001. The cases were consolidated.

The trial court determined that Fowler should serve as the lawful treasurer during the period November 17, 2000,[2] through June 30, 2001, and ordered Moore to immediately surrender the office. Moore moved the trial court for supersedeas; the trial court denied the motion.

Moore appealed, and petitioned this Court for supersedeas. He also moved to expedite his appeal. On December 14, 2000,

---

**1.** This appears to have been a *pro forma* act, not intended to conflict with the governor's previous appointment of Moore.

**2.** November 17 is the date on which Fowler took the oath of office. Further, the parties agreed that the issue below was entitlement to the office for the period from November 17, 2000, to June 30, 2001.

we granted Moore's petition for supersedeas and his motion to expedite.

## ISSUE

Does one appointed by the governor to fill a vacancy in the county treasurer's position serve for the remainder of his predecessor's term or only until a successor is elected in a general election, takes the oath of office, and receives a bond and commission?

## ANALYSIS

█] Several provisions of the South Carolina Code of Laws bear on this question. Those sections are as follows: [3]

Section 1–3–220(2) provides that the governor is to fill a vacancy in an elective county office by appointment, and that the person so appointed shall hold office until the next general election and until his successor shall qualify. S.C.Code Ann. § 1–3–220(2) (Supp.2000).

S.C.Code Ann. § 12–45–20 (2000) provides:

The county treasurer shall hold office for four years and until his successor is appointed or elected and qualified. His term of office shall commence on the first day of July following his appointment or election. **When any treasurer for any reason fails to complete his term of office, his successor shall be appointed initially for the unexpired portion of the term for which his predecessor was appointed.** (Emphasis added).

█ S.C.Code Ann. § 4–11–10 (Supp.2000) provides that the term of office for county treasurers commences on July 1, following their election.[4] This section does not apply to those appointed by the governor, nor to elections held for an unexpired term of office.

---

**3.** The trial court's decision relied heavily upon S.C.Code Ann. § 4–11–20 (Supp.2000). For reasons discussed below, we conclude that such reliance was in error, and that § 4–11–20 is of no assistance in deciding this dispute.

**4.** This provision reflects the General Assembly's intent that treasurers' and auditors' terms coincide with the state's fiscal year. The result we reach in this case gives effect to that intent.

 Our goal in construing statutes is to harmonize conflicting statutes whenever possible and to prevent an interpretation that would lead to a result that is plainly absurd. *Hodges v. Rainey*, 341 S.C. 79, 91, 533 S.E.2d 578, 584 (2000). The primary function in interpreting a statute is to ascertain the intent of the legislature. *Langley v. Pierce*, 313 S.C. 401, 438 S.E.2d 242 (1993).

Applying these rules to the instant dispute compels reversal of the trial court's decision. Florence County did not conduct an election to fill the unexpired term to which Moore had been appointed. Fowler and Moore ran for the term of office beginning on July 1, 2001. The voters of Florence County responded by electing Fowler to that term. Accordingly, we hold that Fowler was not entitled to assume the office of treasurer prior to July 1, 2001, the date the term to which he was elected commences.

 We construe § 1–3–220(2) as providing for holdover situations in which no person authorized by law to do so has qualified for office on the day the term is to commence. In order to qualify [5] for an office, one must first be entitled to do so. It stands to reason that one cannot qualify for a term of office to which he was not elected.

In order to prevent a vacancy in the office, the legislature provided, in § 1–3–220(2), that appointees remain in office until a successor has qualified. This interpretation is consistent with the public policy of this state disfavoring vacancies in office. This Court gave effect to that policy in *Becknell v. Waters*, 156 S.C. 77, 152 S.E. 816 (1930), wherein we affirmed the trial court's well-reasoned order which recognized that, in order to prevent a hiatus in the administration of government, the policy of the law is that all administrative officers should

---

**5.** Nothing in this opinion is to be construed to conflict with our decision in *Ex parte Smith*, 8 S.C. 495 (1877). There, in interpreting the meaning of "qualified" as applied to the governor-elect, we found it "difficult to conceive of any other appropriate signification of the word 'qualified' than that he shall take the oath of office." *Id.* at 520. That decision further implied that had a bond been statutorily required, the posting of bond would be an additional prerequisite to "qualification." The decision we announce today merely recognizes that one cannot qualify without first being legally entitled, by virtue of election or appointment, to the office and term for which he seeks to qualify.

hold over until their successors are appointed or elected and qualified. *See also Bradford v. Byrnes,* 221 S.C. 255, 70 S.E.2d 228 (1952) (public officials hold over *de facto* until their successors are appointed or elected and qualified).

The Texas Supreme Court addressed a factually analogous dispute in *Ex parte Sanders,* 147 Tex. 248, 215 S.W.2d 325 (1948), and reached a similar conclusion. The question before the court in *Sanders* involved entitlement to a popularly elected district judgeship. The candidate elected to the seat died during his term and the governor appointed Davis to fill the vacancy. Davis ran for the judgeship, but was defeated in the November election by Sanders. The term for which Sanders and Davis ran commenced on January 1 following the November election, as mandated by the state constitution. On November 9, Sanders subscribed to the oath of office and on that date entered the courtroom where Davis was holding court. Sanders assumed the bench and announced to all present his position as judge. Davis demanded that Sanders vacate the bench. When Sanders refused, Davis held him in contempt and had the sheriff take Sanders into custody.

On these facts, the court concluded that Sanders "had neither legal right nor color of legal right to the judgeship on November 9." *Id.* at 326. The court continued

> [Sanders] was never in any sense a candidate for the unexpired term [to which Davis was appointed], either in the primary or in the general election, but ran for the full term to begin on January 1, 1949, and to end on December 31, 1952. As such candidate, he knew, as the electors were presumed to know, that under the provisions of [the state constitution], the term of office he was seeking did not and could not begin until January 1, 1949. That is what he asked for and that is what he got and all he got.

*Id.* Without expressing an opinion on when Sanders would have been entitled to assume the office had he been elected to fill the unexpired term, the court found it significant

> that our Constitution provides ... 'In all elections to fill vacancies of office in this state, it shall be for the unexpired term only.' If one elected to an unexpired term cannot by reason thereof claim any part of the succeeding full term, it would seem to follow that one elected to a full term cannot

on basis of that election alone claim any part of the preceding unexpired term. Clearly they are two distinctly different things.

*Id.* (internal citation omitted).[6]

Addressing Sanders' argument that Davis' contempt order was void because Davis' appointive tenure to the office expired on November 2, the day of the election, the court cited the state constitutional provision directing that "[a]ll officers within this State . . . continue to perform the duties of their offices until their successors shall be duly qualified." The court reasoned that Davis became an "officer within the State" upon appointment, and continued in that capacity until his successor "shall be duly qualified." Sanders, the court opined, "[could] not qualify before January 1, 1949, because he ha[d] no mandate by election or otherwise to do so." *Id.*

So too, in this case, Fowler cannot qualify before July 1, 2001, as he has "no mandate by election or otherwise to do so."

Here, the trial court, relying heavily upon S.C.Code Ann. § 4–11–20 (Supp.2000), made a *post hoc* determination that the general election wherein Fowler prevailed was actually two elections, one for the four year term of office commencing July 1, 2001, and a separate election to fulfill the unexpired term from November 2000 through June 30, 2001. All parties agree that Florence County did not hold an election for the unexpired term Moore was appointed to fill. This is the procedure contemplated by § 4–11–20 (Supp.2000), which provides that a gubernatorial appointee selected to fill a vacancy in an elective position serves until an election is held to fill the unexpired term, and that the appointee serves until a successor shall qualify. Since no election to fill an unexpired term was held here, reliance upon § 4–11–20 was misplaced.

---

6. It is noteworthy that Fowler, when filing to run for treasurer, listed the term sought as beginning in 2001, indicating that he sought election to the four year term commencing on July 1, 2001. Moore listed the term sought as beginning July 1, 2001. These dates are consistent with the term of office prescribed in § 4–11–10. Moreover, the question before the electors of Florence County in the general election was who would serve as treasurer for the term beginning July 1, 2001.

Further, the trial court's decision ignores § 12–45–20, and renders § 4–11–10 a nullity inasmuch as the latter section dictates that terms of county treasurers are to "commence the first day of July next following their election."

Construing these statutes in a common-sense manner so as to provide for the orderly transfer of office, we hold that Moore will serve as treasurer until Fowler qualifies on or after July 1, 2001.

## CONCLUSION

For the foregoing reasons, the order of the circuit court is REVERSED.

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.