560 S.E.2d 452

**In the Interest of TIMOTHY C.M., a minor under the age of seventeen, Appellant.**

**No. 3451.**

Court of Appeals of South Carolina.

Heard Jan. 10, 2002.

Decided Feb. 25, 2002.

Assistant Appellate Defender Katherine Carruth Link, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, and Senior Assistant Attorney General Norman Mark Rapoport; and Solicitor Robert M. Ariail, of Greenville, for respondent.

HEARN, Chief Judge:

Timothy Chad M., appeals from the family court's finding of contempt for violation of a family court order. Timothy asserts the family court lacked subject matter jurisdiction because he was eighteen at the time of the hearing and the violation occurred when he was seventeen. We disagree and affirm.

## FACTS

Timothy was charged with two counts of grand larceny, two counts of forgery, and one count of petit larceny. He was found delinquent on the grand larceny charges and was placed on probation until his eighteenth birthday and ordered to pay restitution. At a later hearing, Timothy was required to serve weekend jail time until he completed payment of restitution.

On April 11, 2000, the State issued a petition for probation violation/contempt, and the following day the family court issued a rule to show cause for Timothy's failure to pay restitution and failure to serve weekend jail time.

Timothy turned eighteen on May 29, 2000. The violation of probation/contempt hearing was held on August 23, 2000. Timothy's counsel made a motion to dismiss the case for lack of subject matter jurisdiction, arguing that the family court had no authority to hear the case because Timothy was eighteen. The family court denied Timothy's motion, finding that subject matter jurisdiction existed to punish willful contempt of prior family court orders, in this case an order of probation. Thereafter, Timothy pled guilty to contempt based upon his failure to comply with the probation order. He was sentenced to six months, suspended upon the service of ninety days, and was required to enroll for evaluation at Behavioral Health Service for drug treatment within 48 hours of his release.

### DISCUSSION

■ Timothy first contends on appeal that the family court lacked subject matter jurisdiction to hear the probation violation and find him in contempt because he was eighteen at the time of the hearing and the statutory limit on the period of his probation was his eighteenth birthday. In support of his argument, Timothy relies on S.C.Code Ann. § 20–7–400(B) (Supp.2000), stating in part:

> Any child who has been adjudicated delinquent and placed on probation by the court remains under the authority of the court only until the expiration of the specified term of his probation. This specified term of probation may expire before but not after the eighteenth birthday of the child.

Timothy contends that this code section operates to deprive the family court of jurisdiction to punish him for contempt after he turned eighteen. We disagree.

■ Our goal in construing statutes is to prevent an interpretation that would lead to a result that is plainly absurd.

*Florence County v. Moore,* 344 S.C. 596, 601, 545 S.E.2d 507, 509 (2001). To construe the statute as proposed by Timothy would create an absurd result and deprive the family court of its inherent jurisdiction to punish juveniles who violate its court orders. Because Timothy was on probation when he violated the order, he was still under the jurisdiction of the family court. That jurisdiction was not lost simply because he turned eighteen prior to the hearing. *See Taylor v. Robinson,* 131 N.C.App. 337, 508 S.E.2d 289, 292 (1998) ("Jurisdiction is determined based on the age of the juvenile at the time of the offense.")

 The family court has the inherent power to punish for contempt of its orders. *See In Interest of Darlene C.,* 278 S.C. 664, 666, 301 S.E.2d 136, 137 (1983). "That power is essential to the preservation of order in judicial proceedings, and to the enforcement of the courts' judgments, orders, and writs and consequently to the due administration of justice." *Id., see generally* S.C.Code Ann. §§ 20-7-1330 through 1350 (Supp. 2000) (establishing broad contempt powers within the family court).

> If the juvenile court is to be saddled with the responsibility for [such offenders], it must also be afforded the tools and authorities to handle those cases. Courts must have coercive authority or they cease being courts.... It is simply not fair to a juvenile court judge to whom the community looks for help to so restrict him that he cannot put his orders or decisions into effect.

*In re Francisco S.,* 85 Cal.App.4th 946, 102 Cal.Rptr.2d 514, 522 (2000).

Here, Timothy was still subject to the jurisdiction of the family court when he violated the court order. The jurisdiction of the family court attached to this action for contempt when the petition for contempt was filed and served. We refuse to hold that this jurisdiction evaporated when Timothy turned eighteen prior to the hearing on the contempt charge. In denying Timothy's motion for dismissal, the family court stated, "I think the underlying authority of the court is always there to deal with acts of contempt regardless of the age of

the individual...." We agree. *See generally State v. Estridge,* 320 S.C. 288, 291, 465 S.E.2d 91, 93 (Ct.App.1995) ("The magistrate's court was not divested of subject matter jurisdiction to render final judgment ... merely because its action in concluding the case stretched beyond the deadline.")

Timothy further argues that the family court lacked subject matter jurisdiction to hold him in contempt because the offenses leading to the probation violation occurred after his seventeenth birthday. Timothy submits that the violation of probation committed when he was seventeen operates as a new and separate offense, placing him beyond the jurisdiction of the family court. Timothy reasons that since the family court lacks authority to adjudicate a juvenile offense which occurs after the juvenile reaches the age of seventeen, it has no jurisdiction to consider a violation of probation or contempt of court charge which occurs at that time. We disagree.

■ We believe that any subsequent violation of a court order, issued as a result of the original charge, is not a new and separate offense, but instead flows from the original charge. Although Timothy's argument would have merit if the family court were attempting to try him for a new offense occurring after he reached the age of majority for juvenile delinquency purposes, the fact that Timothy has since reached the age of majority does not render his acts violating the probation order outside the jurisdiction of the family court. To hold otherwise would leave the family court without an enforcement mechanism and would allow juvenile offenders to disobey the terms of their probation once they have reached the age of seventeen.

Because we find no error in the family court's finding of contempt, we affirm the decision of the family court.

**AFFIRMED.**

GOOLSBY and HUFF, JJ., concur.