620 S.E.2d 745

**Russell B. CORBIN, Respondent,**

**v.**

**Bernard Thomas CARLIN, Jr., and James E. Peterson, Defendants,**

**Of Whom Bernard Thomas Carlin, Jr. is the Appellant.**

No. 4029.

Court of Appeals of South Carolina.

Heard June 17, 2005.
Decided Oct. 3, 2005.

Mark H. Lund, III, of Bluffton, for Appellant.

John J. Kerr, of Charleston, for Respondent.

BEATTY, J.:

This case involves a dispute to title of property. Bernard Thomas Carlin, Jr. appeals the circuit court's order finding Russell B. Corbin held title to the property and voiding the tax sale of the property to Carlin's predecessor. We affirm.

## FACTS

The property at issue is a long, narrow strip of land referred to by the parties as Tract B and is located on Yonges Island in Charleston County. Tract B was 1.07 acres, was originally subdivided from a larger piece of property, and was deeded to Thompson Farms. In March 1984, Thompson Farms conveyed Tract B to Henry Lowndes.

In December 1985, Thompson Farms conveyed a 5.99–acre tract of land ("Tract 1") to Russell Corbin. The description of Tract 1 in the deed from Thompson Farms to Corbin described the parcel as including the 1.07 acres of Tract B. At the time of this conveyance, Thompson Farms did not own Tract B. However, two weeks later, in January 1986, Lowndes conveyed Tract B back to Thompson Farms. These ex-

changes were part of a three-way exchange and sale involving Corbin, Thompson Farms, and Lowndes. In the final part of this exchange, Thompson Farms deeded property known as Tract C to Lowndes that was bounded on the east by Tract B. The description in the deed stated that it was bounded on the east by lands "recently conveyed to Russell Corbin."

The county listed Thompson Farms as the owner of Tract B, even though pursuant to the prior sale, Corbin owned Tract 1 that included Tract B in its 5.99 acres. Corbin paid taxes on the entirety of Tract 1, which included Tract B. Tract B was used by Corbin as an airstrip, and he leased use of the airstrip to Bernard Carlin from 1990 to 1995. However, in 1990, the county mailed tax notices to Thompson Farms for Tract B. Thompson Farms ignored these notices. On July 6, 1992, Charleston County sold Tract B in a tax sale to James E. Peterson for $400. He received the tax deed in August 1993. Peterson later conveyed the property to Carlin in October 1997.

Corbin eventually discovered that Tract B had been sold and then conveyed to Carlin. In August 2001, he brought a declaratory judgment action against Carlin and Carlin's predecessor in title, Peterson. The action sought to quiet title to Tract B and to have the tax sale, deed, and any mortgage on the property declared null and void.[1] Carlin answered, denying the allegations in the complaint and asserting the two-year time limit found in section 12–51–160 of the South Carolina Code barred the action.

At trial, Corbin offered the testimony of Curtis Lybrand as a professional land surveyor. He testified regarding the various transactions and the descriptions of the property. He also testified if one researched the three-way deals, it would have placed the individual on notice that Corbin owned Tract B because at least one other deed description referred to the bordering land, Tract B, as belonging to Corbin. He also testified Tract B as described in the tax deed to Peterson did not exist. Finally, he testified the only property which was

---

1. Corbin also brought an action seeking damages for slander of title, alleging Carlin's deed placed a cloud on his title. The trial court denied Corbin's request for damages, finding no slander of title.

described as Tract B that he could locate was within Tract 1 and owned by Corbin at the time of the tax sale.

Carlin testified he did no research into what property he purchased from Peterson. He testified in 1999 he purchased property from Lowndes to the west of Tract 1. At the time of the survey, he also assumed Tract B was to the west of Tract 1 and not within its boundaries. When the survey was complete he admitted to being shocked that the tax deed was for property within the land encompassed by Tract 1 and owned by Corbin.

At the end of Corbin's case, Carlin's counsel stated: "I'd like to make a motion to dismiss." The parties then discussed the ramifications of section 12–51–160 and whether the instant action was one to set aside a tax sale so as to fall within the section's purview. The trial court denied the motion.

Carlin then called Peterson to the stand to offer testimony. At the end of his case, Carlin again moved to dismiss the case, simply stating: "And we'll rest the defense. . . . And renew our motion to dismiss." The court made no explicit ruling on the motion, but it directed Corbin's counsel to draft a proposed order ruling in Corbin's favor.

In the final order, the court found Corbin owned Tract B through the doctrine of after-acquired property. The court then concluded the tax notices were in error and the tax sale and deed were null and void. Finally, the court found Corbin the proper owner of Tract B. The order failed to rule on the application of section 12–51–160 to the action.

Carlin filed a motion for reconsideration under Rule 59(e), SCRCP. The motion stated in part: "Grounds therefore will be that the findings, conclusions, holdings, and judgment contained in the referenced Order [the court's final order] are contrary to the record, without evidentiary support, and contrary to the statutory and case law of South Carolina, in such cases made and provided." The motion never specifically asked the court to consider section 12–51–160 as barring the action. The court denied the motion for reconsideration, again without mentioning section 12–51–160. This appeal followed.

## STANDARD OF REVIEW

This is an appeal from a decision in a declaratory judgment action. Declaratory judgments are neither legal nor equitable, but the nature of the action is determined by the nature of the underlying issue. *Felts v. Richland County,* 303 S.C. 354, 356, 400 S.E.2d 781, 782 (1991); *Gordon v. Colonial Ins. Co.,* 342 S.C. 152, 155, 536 S.E.2d 376, 378 (Ct.App.2000). "An action to remove a cloud on and quiet title to land is one in equity." *Bryan v. Freeman,* 253 S.C. 50, 52, 168 S.E.2d 793, 793 (1969). In actions at equity, tried before a judge alone, we are free to find the facts according to our own view of the preponderance of the evidence. *Townes Assocs. Ltd. v. City of Greenville,* 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976). However, the decision to grant a declaratory judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Eargle v. Horry County,* 344 S.C. 449, 453, 545 S.E.2d 276, 279 (2001).

## LAW/ANALYSIS

Carlin contends the trial court erred in failing to find the action was barred under application of the time limit found in section 12–51–160 of the South Carolina Code.[2] We disagree.

Initially, we note that the trial court found Corbin acquired title through the application of the doctrine of after-acquired property. *See Richardson v. Atlantic Coast Lumber Corp.,* 93 S.C. 254, 258, 75 S.E. 371, 372 (1912) ("The principle is settled beyond controversy in this state that if a grantor conveys land, with the usual covenants of warranty, to which at that time he

---

2. Carlin states the statute controlling the time during which challenges to tax sales may be made is a statute of repose. The statute itself, however, is entitled "Deed as evidence of good title; statute of limitations." S.C.Code Ann. § 12–51–160 (2000). The section appears to operate as a statute of repose, which creates " 'a substantive right in those protected to be free from liability after a legislatively-determined period of time.' " *Langley v. Pierce,* 313 S.C. 401, 403–04, 438 S.E.2d 242, 243 (1993) (quoting *First United Methodist Church v. U.S. Gypsum Co.,* 882 F.2d 862, 866 (4th Cir.1989)). Whether the statute is one of limitations or one of repose, however, is not a question we must address in order to decide the issues on appeal. Therefore, we decline to analyze it. Because the statute is entitled "statute of limitations," we will refer to the statute as one of limitations for the sake of clarity.

has no title, but afterwards acquires a title, he is estopped from claiming that he did not have title at the time of the sale; and the after-acquired title inures to the benefit of his grantee."). The trial court's determination that Corbin acquired Tract B through the doctrine of after-acquired property has not been appealed, and it is therefore the law of the case. *See Unisun Ins. v. Hawkins*, 342 S.C. 537, 544, 537 S.E.2d 559, 563 (Ct.App.2000) (noting an unappealed ruling is the law of the case which the appellate court must assume was correct). Thus, we must determine the application of the statute to the situation where Corbin had good title to Tract B.

Section 12–51–160 provides that the tax sale deed is evidence of good title and that "all proceedings have been regular and that all legal requirements have been complied with." S.C.Code Ann. § 12–51–160 (2000). The section further provides a time limit for recovering land sold pursuant to a tax sale: "No action for the recovery of land sold under the provisions of this chapter or for the recovery of the possession may be maintained unless brought within two years from the date of sale." *Id.*

■■■ To determine the application of this section on the present case, we must apply the rules of statutory construction. "The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." *Hawkins v. Bruno Yacht Sales, Inc.*, 353 S.C. 31, 39, 577 S.E.2d 202, 207 (2003); *Bayle v. South Carolina Dep't of Transp.*, 344 S.C. 115, 122, 542 S.E.2d 736, 739 (Ct.App.2001). "All rules of statutory construction are subservient to the one that the legislative intent must prevail if it reasonably can be discovered in the language used, and the language must be construed in the light of the intended purpose of the statute." *City of Sumter Police Dep't v. One (1) 1992 Blue Mazda Truck (VIN # JM2UF1132N0294812)*, 330 S.C. 371, 375, 498 S.E.2d 894, 896 (Ct.App.1998). "Statutes, as a whole, must receive practical, reasonable, and fair interpretation, consonant with the purpose, design, and policy of lawmakers." *TNS Mills, Inc. v. South Carolina Dep't of Revenue*, 331 S.C. 611, 624, 503 S.E.2d 471, 478 (1998).

■■■ If a statute's language is plain, unambiguous, and conveys a clear meaning "the rules of statutory interpretation

are not needed and the court has no right to impose another meaning." *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). The words of the statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Hitachi Data Sys. Corp. v. Leatherman*, 309 S.C. 174, 178, 420 S.E.2d 843, 846 (1992). "Our goal in construing statutes is to prevent an interpretation that would lead to a result that is plainly absurd." *In re Timothy C.M.*, 348 S.C. 653, 655–56, 560 S.E.2d 452, 453 (Ct.App.2002).

We find section 12–51–160 was not intended to bar an action under the circumstances of this case. The legislature intended the statute to create a time limit during which one who lost title to property through a tax sale, after proper notice, may attempt to regain title. In this case, Corbin never lost title to the property, as the tax sale should never have occurred. We agree with the trial court's finding that Corbin properly paid taxes owed on Tract 1, which included Tract B.[3] There is nothing in the record to indicate he was on notice that Thompson Farms received tax notices for Tract B or that Thompson Farms ignored those notices. Because the taxes for Tract 1, including Tract B, were not delinquent, the county did not have any basis for conducting the tax sale on Tract B.

We find the instant action was not one to set aside a tax sale falling under the provision of section 12–51–160, but instead was an action to quiet title and for Corbin to assert his proper ownership rights to Tract B. It would yield an absurd and unfair result to forbid Corbin to assert his right to ownership of his property when there is no indication he knew or should have known the county was improperly seeking to sell the property in a tax sale. The court properly found Corbin had title to Tract B. It also properly found the county erred in conducting a tax sale. The evidence indicates Corbin paid

---

3. Carlin also alleges that the trial court erred in finding no taxes were delinquent on Tract B. As previously discussed, it is the law of the case that Corbin obtained title to Tract B, as a part of Tract 1, through the doctrine of after-acquired property. Carlin does not challenge evidence that Corbin paid the taxes owed on Tract 1. Because Corbin was not delinquent on taxes owed on property that included Tract B, we find no error with the trial court's determination that no taxes were delinquent on Tract B.

taxes assessed against Tract 1, which unquestionably included Tract B. Accordingly, the trial court properly refused to find, based upon the circumstances of this case, that the statute of limitations found in section 12–51–160 barred the action.

Considering the particular circumstances of this case, we find no abuse of discretion in the trial court's decision to grant Corbin's declaratory judgment.

## CONCLUSION

Based upon the above, we hold section 12–51–160 did not bar the instant action to quiet title. Accordingly, the decision of the trial court is

**AFFIRMED.**

HEARN, C.J., and SHORT, JJ., concur.