668 S.E.2d 410

**FEDERAL FINANCIAL COMPANY, a
general partnership, Respondent,**

v.

Carol D. HARTLEY, individually and as trustee for the Daniel Wayne Hartley (a/k/a D. Wayne Hartley) Trust; Anita Beth Hartley, individually and as Trustee for the Daniel Wayne Hartley (a/k/a D. Wayne Hartley) Trust; Daniel Wayne Hartley (a/k/a D. Wayne Hartley); South Carolina Employment Security Commission; Charleston County Business License User Fee Dept.; Kenneth Smith d/b/a Servpro of North Charleston; Alliance Mortgage Company; Lori A. Hartley; Kenneth W. Day; Wachovia Bank, National Association; Thomas B. Daniels (a/k/a Thomas Daniels); and John Doe and Mary Roe, fictitious names used to designate all other defendants whose names are unknown, and persons in the military service within the meaning of Title 50, United States Code, commonly referred to as the

Soldiers and Sailors Civil Relief Act of 1940, as amended, if any, and the widows, widowers, executors, administrators, personal representatives, successors, and assigns, firms or corporations of any of the defendants who may be deceased, and any and all other persons claiming any right, title estate, interest in or lien upon the Complaint or any part thereof, Defendants,

Of whom Carol D. Hartley, individually and as trustee for the Daniel Wayne Hartley (a/k/a D. Wayne Hartley) Trust; Anita Beth Hartley, individually and as Trustee for the Daniel Wayne Hartley (a/k/a D. Wayne Hartley) Trust; Daniel Wayne Hartley (a/k/a D. Wayne Hartley); and Thomas B. Daniels (a/k/a Thomas Daniels) are unknown heirs at law, devisees, Appellants.

No. 26554.

Supreme Court of South Carolina.

Sept. 17, 2008.

Decided Oct. 13, 2008.

David K. Haller, of Haller Law Firm, of Charleston, and Lawrence E. Richter, Jr., of The Richter Law Firm, of Mt. Pleasant, for Appellants.

Merrill Anthony Cox, of Cox Law Firm, of Goose Creek, for Appellants.

Timothy A. Domin, of Charleston, for Respondent.

Justice PLEICONES:

Respondent brought this declaratory judgment action to determine the validity of its mortgage, and the priority of its mortgage and one given by appellant Daniels on property owned by appellant Hartley.[1]  Hartley and Daniels appeal a master's order finding respondent's mortgage is valid, and has priority over Daniel's mortgage.  We reverse.

## FACTS

Respondent held a mortgage on property owned by Hartley. The property was sold at a tax sale to the Forfeited Land Commission (Commission)[2] in 1999.  Both respondent and Hartley denied receiving notice of the sale[3] and in June 2000 they agreed to modify certain of the mortgage's terms.  While respondent was given timely notice of the expiration of the redemption period in August 2000, neither it nor Hartley redeemed the property within a year after the sale as permit-

---

1.  For simplicity's sake we refer to Carol Hartley and the other Hartley appellants as Hartley in this opinion.

2.  S.C.Code Ann. §§ 12–59–10 et seq. (2000).  Each county has a Commission which exists to bid on real property otherwise unsold at a tax sale (§ 12–51–55), and to hold title to that property as an asset of the county and then sell or dispose of the property on such terms and conditions as appear to be in the county's best interest.  See S.C.Code Ann. §§ 12–59–10, –20 and –40 (2000).

3.  The sale's validity is not at issue here.

ted by S.C.Code Ann. § 12–51–90 (Supp.2007). After the year passed, the Charleston County Delinquent tax collector deeded the property to the Commission in December 2000. *See* S.C.Code Ann. § 12–51–130 (Supp.2007). Hartley continued to make payments on the mortgage through August 2001. She purchased the property from the Commission in February 2002 and in July 2003 executed a note and mortgage in favor of Daniels. Respondent brought this declaratory judgment action in 2005.

Pursuant to S.C.Code Ann. § 12–51–160:

In all cases of tax sale the deed of conveyance, whether executed to a private person, a corporation, or a forfeited land commission, is prima facie evidence of a good title in the holder, that all proceedings have been regular and that all legal requirements have been complied with. An action for the recovery of land sold pursuant to this chapter or for the recovery of the possession must not be maintained unless brought within two years from the date of the sale as provided in Section 12–51–90(C).

The two year limitation in this statute is the period in which an owner who lost title to the property through a tax sale may bring an action to recover that property. *Corbin v. Carlin,* 366 S.C. 187, 620 S.E.2d 745 (Ct.App.2005). Once two years have passed after the sale, the sale is not a cloud on the property's title. *Wilson v. Moseley,* 327 S.C. 144, 488 S.E.2d 862 (1997).

## ISSUE

Whether the master-in-equity erred in holding that respondent holds a valid first mortgage on the property?

## ANALYSIS

The master characterized Hartley's reacquisition of the property from the Commission not as a "purchase," but as a "redemption." By characterizing Hartley as a "redeemer" rather than a "purchaser," the master concluded the respondent's mortgage was not cancelled but retained its status as the first lien on the property. The master also held "assuming Hartley or her representative appeared and was the successful bidder at the delinquent tax sale, in South Carolina 'a mortgagor cannot, by his negligence or fraud, suffer the

mortgaged lands to be sold for taxes and then, by purchase at tax sale ... acquire a title which he may set up to defeat the mortgagee's lien ....'" *citing Interstate Bldg. & Loan Ass'n v. Waters,* 50 S.C. 459, 468, 27 S.E. 948, 951 (1897).

We address the master's reasoning in reverse order. First, the master hypothesized that had Hartley bid at the tax sale as part of a negligent or fraudulent scheme to defeat respondent's mortgage, then respondent's mortgage would still be valid. In point of fact, however, neither Hartley nor her representative appeared at the tax sale: the property was sold to the Commission. Moreover, there is no evidentiary support in the record for the proposition that Hartley was a participant in any fraud to have the land sold at a tax sale, let the redemption period run, and then repurchase the property from the Commission in order to remove respondent's mortgage. In fact she continued to make payments to respondent for 22 months after the tax sale, lending credibility to her testimony that she was unaware of the sale and subsequent tax deed. The master's findings and conclusions are premised on the hypothesis that Hartley purchased the property at the tax sale, and the suggestion that she was engaged in a "deliberate scheme ... to defeat [respondent's] lien." Neither the hypothesis nor the master's suggestion is supported by any evidence in the record.

The master also found Hartley redeemed the property rather than purchased it from the Commission. This is erroneous. The statutory redemption period ran from October 4, 1999 to October 5, 2000. *See* S.C.Code Ann. § 12–51–90. After the redemption period passed, the property was deeded to the Commission, and under § 12–51–160, that deed was *prima facie* evidence of good title. Moreover, Hartley purchased the property from the Commission at the price it set; she did not redeem the property "by paying to the person officially charged with the collection of delinquent taxes, assessments, penalties, and costs ... [plus statutory] interest ...," the procedure when property is redeemed following a tax sale. § 12–51–90.

Implicit in the master's order is a suggestion that the Commission breached its statutory duty to sell property, which it owns by virtue of a tax deed, when the sale and its terms "appear to be in the best interest of the county...."

§ 12–59–40. There is no claim, much less any evidence, that the Commission, which is not a party to this suit, did anything improper in selling the property back to Hartley. Moreover, the evidence does not support the master's finding that Hartley "made arrangements with the 'RMC man' to pay the delinquent taxes." Rather, Hartley testified that while she went to the "RMC man" to see if she could pay the delinquent taxes, she learned she must instead purchase the property from the Commission.

## CONCLUSION

We reverse the master's order which characterized Hartley's reacquisition of the property as a redemption rather than a sale and consequently concluded that respondent's mortgage was valid.[4] We hold that the tax sale extinguished respondent's mortgage, and that Hartley's purchase of the property from the Commission did not resurrect it. Accordingly, Daniel's mortgage is the first lien on the property. The order under appeal is

**REVERSED.**

TOAL, C.J., WALLER, BEATTY and KITTREDGE, JJ., concur.

---

4. Respondent raises an additional argument on appeal to sustain the master's order. Exercising our discretion, we decline to consider this contention. *E.g., Gecy v. Bagwell,* 372 S.C. 237, 642 S.E.2d 569 (2007). Even if we were to consider this claim on the merits, it would not result in an affirmation of the appealed order.