**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Tinsley, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2015-000196

---

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

---

Unpublished Opinion No. 2016-UP-163
Submitted December 1, 2015 – Filed April 6, 2016
Withdrawn, Substituted and Refiled August 10, 2016

---

**APPEAL DISMISSED**

---

James Tinsley, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** James Tinsley appeals the Administrative Law Court's (ALC's) order affirming the South Carolina Parole Board's (Parole Board's) denial of his parole. Tinsley argues the ALC erred when it found it did not have jurisdiction to review whether the Parole Board used inaccurate information as a basis to deny him parole. Specifically, Tinsley argues the Parole Board considered information that was expunged from his criminal record in making its decision and thereby deviated from the statutory criteria.

Because Tinsley was released on parole on May 25, 2016, a decision by this court regarding the ALC's jurisdiction to review the Parole Board's previous denials of parole will have no effect upon the existing controversy. Therefore, this case is moot. *See Byrd v. Irmo High School*, 321 S.C. 426, 431, 468 S.E.2d 861, 864 (1996) ("A case becomes moot when judgment, if rendered, will have no practical effect upon existing controversy. This is true when some event occurs making it impossible for [the] reviewing Court to grant effectual relief." (quoting *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973))).

The South Carolina Department of Probation, Parole and Pardon Services asserts this court should exercise its discretion to issue an opinion in this case because the issue is capable of repetition yet evading review. *Id.* (noting this court may still review moot issues when "the issue raised is capable of repetition but evading review." (quoting *In re Darlene C.*, 278 S.C. 664, 665, 301 S.E.2d 136, 137 (1983))). However, Tinsley will no longer be subject to parole hearings, and the Parole Board's use of allegedly inaccurate information to deny him parole is no longer capable of repetition. Accordingly, we find the capable of repetition yet evading review exception does not apply in this case. Because no justiciable controversy exists, we dismiss this appeal. *Id.* (noting appellate courts "will not pass on moot and academic questions or make an adjudication where there remains no actual controversy").

**APPEAL DISMISSED**[1]

**HUFF, WILLIAMS and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.