PELZER MANUF. COMPANY v. CELY.

1. APPEAL—JURISDICTION OF CIRCUIT COURT.—Judgment entered, execution issued, and levy made, after notice of appeal, but before return filed, cannot be vacated for want of jurisdiction in the Circuit Court, as that court does not lose its jurisdiction by appeal until the Supreme Court acquires jurisdiction by return filed.

2. IBID.—STAY.—Section 346 of the Code authorizes judgment on a money demand and levy of execution after notice of appeal, but forbids a sale of property under such levy without bond from the judgment creditor to protect the debtor in case there should be a reversal by the upper court.

Motion by Cely Bros. in this court against the Pelzer Manufacturing Company.

*Messrs. T. Q. & A. H. Donaldson,* for the motion.

*Messrs. Haynsworth & Parker* and *Smythe & Lee,* contra.

January 22, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. This is a motion addressed to this court under a notice duly served, of which the following is a copy : "Take notice, that upon the affidavit hereto attached, and all the pleadings and proceedings in the above entitled cause, we shall move the above-mentioned court at Columbia, S. C., on Wednesday, the 17th day of January instant, at 11 o'clock in the forenoon, or as soon thereafter as counsel can be heard, for an order vacating and setting aside the judgment entered in the above entitled cause, the execution issued thereon, and the levy made thereunder, upon the ground that said judgment, execution, and levy are void, the Circuit Court having been deprived by this appeal of all jurisdiction in the cause."

It appears from the showing made at the hearing of this motion that the judgment appealed from was duly entered in the proper office on the 15th day of December, 1893, and on the same day execution was issued to enforce said judgment, which was lodged in the office of the sheriff on the said 15th of December, 1893. On the same day, notice of intention to appeal was served on Mr. Haynsworth (one of the attorneys of plaintiff), but, as appears from the uncontradicted affidavit of Mr. Haynsworth, two or three hours after he had filed the judgment in the clerk's office, and after he had left the execution in the office, with instructions to sign, seal, and deliver the same to the sheriff. It furthermore appears that on or about the 30th day of December, 1893, the plaintiff executed the bond to the defendahts, with two good sureties, provided for by section 346 of the Code, to enable the plaintiff to enforce a sale of property, which being satisfactory to the sheriff, that officer thereafter, to wit: on the 3d day of January, 1894, levied upon the stock of goods of the defendants, and took the same into his custody and possession. It also appears that in due time, to wit: on the 13th day of January, 1894, the appellants served their proposed "Case" and exceptions, and on the 16th of January, 1894, duly filed the return required by rules 1 and 2 of this court.

It will be observed that this is not a motion for a stay of proceedings in the court below, pending an appeal under the provisions of section 349 of the Code; nor does it appear that any such application has been made to either of the justices of this court, under rule 21 of the Supreme Court; nor does it appear that any application has been made to the presiding judge before whom the judgment was obtained for a stay of execution; but, on the contrary, as it is explicitly stated in the notice of the motion (for which reason we have deemed it proper to set out such notice *in hæc verba*), it is an application for an order "vacating and setting aside the judgment entered in the above entitled cause, the execution issued thereon, and the levy made thereunder, upon the ground that said judgment, execution, and levy are void, the Circuit Court having been deprived, by this appeal, of all jurisdiction in the cause." So that the only question presented by this motion is whether the Circuit Court had lost its jurisdiction of the cause at the time when the judgment was entered, the execution issued, or the levy made.

As we understand it, the Circuit Court, having once acquired jurisdiction of a cause and the parties thereto, retains such jurisdiction until it is lost; and it is not lost until the jurisdiction of this court attaches. Now, as it has always been held that the jurisdiction of this court does not attach until the return required by rules 1 and 2 has been filed in this court, for the obvious reason that, until the return is filed, this court has no record upon which it could take jurisdiction of any cause, except such as are specially provided for either by the Constitution, the statutes, or rules of court, and as it is very clear that the present case does not fall within any of those classes, it follows necessarily that this court never acquired jurisdiction of this cause until after the return was filed; and this being after the judgment was entered, and after the execution was issued and the levy made, the motion to vacate and set aside the judgment, execution, and levy, as void for lack of jurisdiction in the Circuit Court, cannot be granted.

While this view is decisive of the question presented for our determination, yet it may not be amiss to decide also the other

question which seems to have been mainly argued at the bar, as to the proper construction of section 346 of the Code. That section, or so much thereof as we deem it necessary to quote, provides: "A notice of appeal from a judgment directing the payment of money shall not stay the execution of the judgment, unless the presiding judge before whom the judgment was obtained shall grant a stay of execution;" and after going on to provide that after notice of appeal the plaintiff shall not enforce a sale of property without giving the prescribed bond, the section proceeds in the following language: "Nor shall the plaintiff in such case be allowed to proceed with a sale of defendant's property, if the defendant do enter into an undertaking," etc., as prescribed. On the part of the appellants it is contended that this section does not apply to judgments obtained on money demands, but applies only to a judgment directing the payment of money; and great and, as we think, undue, stress is laid upon the word "directing." We do not think that such a view can be sustained. If a judgment for the recovery of so much money on an ordinary money demand cannot be regarded as a judgment directing the payment of money, then it is somewhat difficult to understand what it does amount to. It unquestionably does require the payment of the amount of money adjudged to be due by the one party to the other, and the word "directing" amounts to neither more nor less than the word "requiring." When a tribunal invested with the power to enforce its mandates directs, by its judgment, the payment of money, it is equivalent to saying that it requires the payment of such money, and in this connection the two words may be used interchangeably.

It is also to be observed that the language used is, not an appeal from an "order," a word which would be much more appropriate if appellants' view be correct, but an appeal from a "judgment" directing the payment of money. The word "judgment" has a well defined meaning: "A judgment is the final determination of the rights of the parties in the action" (Code, § 266); and when a judgment on an ordinary money demand is rendered, it determines that the payment of so much money shall be made by the defendant to the plaintiff, it

28—40

amounts to a direction to that effect.    But, in addition to this, the subsequent language used in the same section serves to show that the construction which we have adopted is correct. It uses the words "stay of execution," "shall not enforce a sale of property;" the provision contemplating the giving of the bonds provided for both fixes the amount of such bonds at double the amount of the judgment, and the provision that the bond to be given shall be conditioned to pay the judgment.    All this shows that the legislature intended to embrace in the provisions of that section judgments recovered upon ordinary money demands.

Again, if the view contended for by appellants should be adopted, the extraordinary anomaly would be presented that the legislature, while providing that a mere notice of appeal shall not operate as a stay of execution unless the required bond shall be given, in the several cases mentioned in sections 350, 351, and 352, leaves without any such protection the large, if not the largest, class of judgments, in which, in most cases, such protection is most needed.    Now, while this result would not be sufficient to support the construction which we have adopted, if the language used plainly required a different construction, yet, where the language admits of two constructions, that which is most consistent with justice, and with what may be assumed to be the true intention of the legislature, should be adopted.    But again, even if we could adopt the view contended for by appellant, that would not avail the appellants in this case, for that section only forbids a sale of defendant's property where he has not obtained a stay of execution from the presiding judge by whom the judgment was rendered; and in this case it does not appear that any attempt has yet been made to enforce a sale of defendants' property.

While it may be possible (though we do not think so) that the legislature intended to forbid a sale of property after a notice of appeal has been given, it is quite clear that there is no provision in section 346 forbidding the plaintiff acquiring a lien by a levy.    And there would be good reason for such a distinction; for while the legislature might possibly have thought it best not to allow a sale of the defendant's property

after a notice of appeal had been given, unless the plaintiff would, by giving the bond required, protect the defendant from the hazards of loss by a sale, yet there would be no reason for depriving the plaintiff of the benefit of the prior lien which he was entitled to by reason of his superior diligence; and such lien he could only acquire on personal property by a levy.

In any view which we have been able to take of this case, we do not think that the appellants are entitled to the order asked for. It is, therefore, adjudged that the motion be refused.