0227

Ashley CHAPPELL, Respondent, v. Marvin S. CHAPPELL, Appellant.
(318 S. E. (2d) 590)

Court of Appeals

*James R. Honeycutt,* Fort Mill, *for appellant.*

*James F. Fewster, III,* Rock Hill, *for respondent.*

Hearded June 25, 1984.

Decided Aug. 8, 1984.

GOOLSBY, Judge:

Marvin S. Chappell appeals from an order that holds him in contempt for failure to pay child support and for attempting to pay the child support in a manner that interfered "with the due administration of justice." We dismiss Chappell's appeal.

Approximately two weeks after the family court ordered

Chappell to pay child support through the Clerk of Court, he appeared at the Clerk's office and attempted to pay the child support with unrolled nickles, dimes and pennies. The Clerk's office refused to accept the payment in that form. Chappell also attempted to pay the child support in a manner unacceptable to the Clerk on two subsequent occasions. Thereafter, instead of attempting to make the child support payments directly to the Clerk of Court, Chappell opened an account with a local savings and loan company and deposited the amount due as child support in it.

Following a hearing on a rule to show cause why he should not be held in contempt of court for failure to pay child support, the family court adjudged Chappell guilty of "willfull contempt" because of the arrearage and the manner in which Chappell attempted to make the child support payments. The family court ordered Chappell confined to the county jail for a period of 10 days. It also ordered him to pay a fine of $250.00; however, the family court ordered the jail sentence suspended upon payment of the fine and child support arrearages totaling $834.30. Chappell paid the fine and arrearages.

Where one held in contempt for violation of a court order complies with the order, his compliance renders the question concerning whether he was in contempt academic or moot and precludes appellate review of the contempt proceedings. *Herring v. Herring,* 236 Ga. 43, 222 S. E. (2d) 331 (1976); *Gabriel v. Gabriel* 219 Ga. 290. 133 S. E. (2d) 25 (1963); 17 C. J. S. *Contempt* § 124(1) at 331 (1963). The payment of a fine imposed in contempt proceedings also waives the right of review. *State v. Belue,* 138 S. C. 393, 136 S. E. 641 (1926); *Town of Batesburg v. Mitchell,* 58 S. C. 564, 37 S. E. 36 (1900); 17 C. J. S. *Contempt* § 120(b) at 318 (1963); Annot., 33 A. L. R. (3d) 448 § 26 at 573 (1970); *but see* S. C. Code of Laws § 14-25-95 (Cum. Supp. 1983) (person may appeal from municipal court to court of general sessions upon entry into bond or payment of fine); *Id.* § 18-3-30 (1976) (payment of fine imposed by magistrate does not waive right of appeal). Here, by paying the arrearages Chappell purged himself of contempt for failure to pay child support; and by paying the fine he satisfied the sentence imposed for contempt in attempting to pay the child support in a manner that interfered with the due

administration of justice. We therefore regard the case as moot and unappealable. Accordingly, Chappell's appeal is

Dismissed.

SANDERS, C. J., and GARDNER, J., concur.