1606

Vicki T. JORDAN, Respondent v. James M. HARRISON, Appellant.

(402 S.E. (2d) 188)

Court of Appeals

*Sally G. Calhoun,* Greenville, *for appellant.*

*Kenneth C. Porter* and *Robert M. Rosenfeld,* both of *Porter & Rosenfeld,* Greenville, *for respondent.*

Heard Dec. 11, 1990.

Decided Feb. 11, 1991.

SHAW, Judge:

In this family court action, the trial judge held appellant, James M. Harrison, in contempt for failing to pay child support. Harrison was sentenced to two months in jail which could be purged upon payment of arrearages of $1,096.95 and a $50.00 fine. Harrison paid that amount and now appeals. We affirm.

The parties were divorced in 1987. At that time, Harrison was earning around $27,000 a year and had agreed to pay $150 per week in child support. On January 4, 1989, Harrison was terminated from his job and remained unemployed for five weeks.[1] He made regular support payments until he lost his job. Harrison testified he found another job but it paid only $6.40 an hour, substantially cutting his income. Mrs. Jordan filed an action for contempt against Harrison for failure to pay child support which was heard before Judge Myers on February 13, 1989. Judge Myers found Harrison in contempt but imposed no sanctions and ordered the $850 arrearage held in abeyance until further order of the court.

On March 7, 1989, Harrison filed a complaint for a reduction in child support and the purging of all arrearages. On March 29, 1989, another hearing was held on a rule to show cause which resulted in Judge Smith finding that Harrison was in contempt and was in arrears $607.70. On April 20, 1989, Judge Smith issued a bench warrant for Harrison's arrest. On May 1, 1989, Judge Patterson found Harrison in contempt and sentenced him to two months to be purged upon payment of the $1,096.95 arrearage and a $50 fine. On May 2, 1989, Harrison paid the arrearage and the fine. On May 9, 1989, a hearing was held before Judge Fanning for a reduction in child support and extinguishment of arrearages. As a result of this hearing, Harrison's child support obligation was reduced to $76.26 per week and the $850 arrearage that accrued prior to Judge Myers' order was held in abeyance. It is from the May 1, 1989, order of Judge Patterson that Harrison appeals.

Harrison first contends Judge Patterson abused his discretion in holding him in contempt after he had filed his complaint to reduce his support and to purge all arrearages. We have read the record and while Judge Patterson was made aware of the scheduled May 9th reduction hearing,

---

[1] His termination was related to acts of dishonesty on the job.

we see no request by Harrison to hold the contempt matter in abeyance until the court could rule on the reduction request. Because this issue was not appropriately raised before Judge Patterson, we will not consider it on appeal. *Richardson v. General Motors Acceptance Corp.*, 221 S.C. 14, 68 S.E. (2d) 874 (1952); *Roche v. Alcoholic Beverage Control Commission*, 263 S.C. 451, 211 S.E. (2d) 243 (1975).

Harrison next contends Judge Patterson abused his discretion in finding him to be in contempt because there was no evidence to support a finding of willful contempt. We disagree. There is ample evidence of Harrison's willful contempt. In fact, he had been found in contempt by both Judge Myers and Judge Smith and did not appeal either order. Moreover, where one held in contempt for violation of a court order complies with the order, his compliance renders the issue of contempt moot and precludes appellate review of the contempt proceeding. *Chappell v. Chappell*, 282 S.C. 376, 318 S.E. (2d) 590 (Ct. App. 1984). The payment of a fine imposed in contempt proceedings likewise waives the right of review. *Id.* at 377, 318 S.E. (2d) at 591.

Accordingly, the order of Judge Patterson is affirmed.

BELL and CURETON, JJ., concur.