2217

Dennis Michael FRYE, Appellant v. Deborah H. FRYE, Respondent.
(448 S.E. (2d) 586)

Court of Appeals

---

*Adam Fisher, Jr.,* Greenville, *for appellant.*

*Timothy Brown,* Greenville, *for respondent.*

*W. Benjamin McClain, Jr.,* Greenville, *guardian ad litem.*

Submitted June 7, 1994.

Decided Aug. 15, 1994.

*Per Curiam:*

Dennis Michael Frye (the Father) brought an action against Deborah H. Frye (the Mother) seeking an order finding the Mother in contempt for violating a prior order as to child visitation. The Mother answered and counterclaimed for an order holding the Father in contempt for violating the prior visitation order and failing to pay medical bills as ordered by the family court. The Mother also alleged the Father violated a

prior restraining order by harassing her through the actions of his present wife (Phyllis) acting as his agent. At the close of the evidence, the family court held the Father in contempt for failing to pay medical bills as ordered. The court also *sua sponte* joined Phyllis as a party and issued a restraining order against both Phyllis and the Father. Finally, the court altered the prior visitation order and made the Father's visitation contingent upon several conditions. The Father and Phyllis appeal. We affirm the finding of contempt and the modification of visitation, affirm the joinder of Phyllis as a party, reverse the issuance of the restraining order as to Phyllis, and remand for a hearing to allow Phyllis the opportunity to be heard regarding various accusations prior to subjecting her to a restraining order.

## I.

On appeal, Phyllis argues she was denied due process in two ways. First, she claims the court denied her due process by removing her from the courtroom under a sequestration order. We find no error. At the point in which the court ordered Phyllis removed, she was not a party and the court equally sequestered all those known to be witnesses. Furthermore, any error is not preserved for appeal, since Phyllis raised no objection at trial to being removed from the courtroom.

Phyllis also claims she was denied due process because the court *sua sponte* ordered her joined and failed to afford her an opportunity to be heard on any issues. We agree. At the close of the evidence, the family court acted well within its power in ordering Phyllis joined as a party. *See* Rule 19(a), SCRCP (allowing the court to order a person to be made a party where the person is subject to service of process and, in the person's absence, complete relief cannot be accorded among those already parties); Rule 2(a), SCRFC (Rule 19 applies in Family Court); S.C. Code Ann. § 20-7-420(19) (1985) (the family court has exclusive jurisdiction, in furtherance of the complete disposition of cases in the court's jurisdiction, to bring in and make parties to any proceeding pending before the court any person whose presence to the proceedings may be found necessary to a complete determination of the issues therein or the relief to which the parties are enti-

tled). However, after joining Phyllis as a party, the court should have afforded her the opportunity to respond and present evidence regarding any defenses she may have to the serious allegations of harassment made by the Mother. We reject the Mother's assertion that Phyllis has no rights which were affected by the order so that she was not entitled to due process. The family court's order restrains Phyllis and the Father from, among other things, "having any contact whatsoever with any employer of the" Mother and from "saying or making any derogatory comments to anyone at any time in any manner whatsoever about the [Mother], with the singular exception of whatever discussions they might deem appropriate to have with an attorney about their case. . . ." Contacting the Mother's employer for a legitimate reason is not illegal, and neither is making derogatory comments about her. Futhermore, making derogatory comments does not subject one to even civil liability if the comments are substantially true.[1] Although the evidence overwhelmingly demonstrates that Phyllis committed the various acts of harassment of the Mother, and we share the family court's revulsion and condemnation of Phyllis's actions, we nonetheless reverse the order insofar as it makes Phyllis subject to the restraining order, and remand for a hearing for the sole purpose of allowing her the opportunity to appear and be heard on the issue of harassment of the Mother.

## II.

The Father appeals, claiming the family court erred in finding him in contempt for refusing to pay certain medical bills. The Mother asserts the Father has paid the amounts due and has accordingly complied with the contempt order, and the Father does not refute this assertion in his reply brief. Hence, this issue is moot. *See Jordan v. Harrison*, 303 S.C. 522, 402 S.E. (2d) 188 (Ct. App. 1991) (where one in contempt for violation of a court order complies with the order, his compliance renders the issue of contempt moot and precludes appellate review of the contempt proceeding). Even if the issue was not

---

[1] We do not intend to hold that the family court may not restrain Phyllis from engaging in these activities. However, the court may not do so until she has had an opportunity to be heard and present whatever defense she may have.

moot, we would find the record clearly supports the family court's finding that the Father was in willful contempt of the order requiring him to pay the medical bills. Accordingly, this issue is without merit.

## III.

Lastly, the Father claims the family court erred in modifying, and placing certain conditions upon, his visitation rights. We disagree. A family court may impose upon a noncustodial parent such conditions and restrictions on his visitation privileges as the court, in its discretion, thinks proper. *Hartley v. Hartley*, 292 S.C. 245, 355 S.E. (2d) 869 (Ct. App. 1987). The privilege of visitation must yield to the best interests of the children and may be denied or limited if the best interests of the children will be served thereby. *Porter v. Porter*, 246 S.C. 332, 143 S.E. (2d) 619 (1965). *See also Nash v. Byrd*, 298 S.C. 530, 381 S.E. (2d) 913 (Ct. App. 1989) (in determining visitation rights, the welfare of the child is the paramount consideration). In the absence of a clear abuse of discretion, the trial court's order regarding visitation rights will not be disturbed on appeal. *Id.*

The record is replete with evidence of bizarre behavior by Phyllis designed to harass the Mother. The family court found, although the Father may not have participated in the activities, he was aware of Phyllis's actions and took no steps to stop her. His continuous denial that she was responsible for the actions despite clear and almost irrefutable evidence to the contrary sufficiently supports the family court's exercise of caution in modifying the Father's visitation. Furthermore, the family court found the Mother justified in moving to Florida for a number of reasons, including the constant harassment by Phyllis. This move necessarily affected the Father's ability to exercise visitation to the degree he enjoyed when the children lived in South Carolina. Under the facts and circumstances of this case we find no clear abuse of discretion in the family court's order regarding visitation.

Accordingly, the judgment is

Affirmed in part, reversed in part and remanded.