2510

In the Interest of CATRICE S., a minor
under the age of seventeen, Appellant.

(470 S.E. (2d) 856)

Court of Appeals

*Chief Attorney Daniel T. Stacey,* of the *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorneys General Rakale B. Smith* and *Caroline Callison Tiffin,* and *Solicitor Warren B. Giese,* Columbia, *for respondent.*

Submitted Apr. 1, 1996.

Decided May 13, 1996.

*Per Curiam:*

Catrice S. appeals her sentence of six months confinement to the custody of the Department of Juvenile Justice (DJJ) on the charge of contempt of court for violating the conditions of her probation. We dismiss the appeal.[1]

On October 13, 1993, Catrice was adjudicated incorrigible and placed on probation. She was 13 years old at the time. On May 26, 1994, her probation was extended until June, 1995 for violation of the original probation order. On December 12, 1994, when she was 14 years of age, Catrice was brought before the family court on charges of contempt for violation of probation and criminal domestic violence. Catrice pled guilty to contempt of court. In exchange, the State dropped the criminal domestic violence charge. The State was prepared to prove Catrice violated her probation by not abiding by her curfew, refusing to live at home and not going to school. The family court ordered Catrice to undergo evaluation at the Reception and Evaluation Center (R & E) prior to final disposition.

At the disposition hearing on January 18, 1995, a DJJ case worker testified Catrice had informed the staff at R & E that she had smoked marijuana on a daily basis for the past year, and she had been selling marijuana and crack cocaine for one

---

[1] Because oral argument would not aid the court in resolving the issue, we decide this case without oral argument.

year. She further testified Catrice had been admitted to Charter Rivers Hospital on three separate occasions for suicidal tendencies, and also spent two weeks at Richland Springs mental unit for suicidal tendencies. In answering questions propounded by the trial judge, Catrice admitted hitting her mother, consuming alcohol several times a week, spending the weekend at a motel with about 15 people, some of whom sold and used marijuana and crack cocaine, getting suspended from school fifteen or sixteen times for fighting, and having sex with a twenty-two-year-old man. The case worker recommended that Catrice be placed in a nonsecure facility with alcohol and drug counseling as well as family counseling. The State disagreed and recommended Catrice be placed in a secure facility. The trial court agreed with the State and sentenced Catrice to six months confinement at DJJ.

Catrice argues on appeal she should not have been sentenced to the custody of DJJ because S.C. Code Ann. § 20-7-2205 (Supp. 1995) prohibits the family court from sentencing status offenders to a secure facility such as DJJ. South Carolina Code Ann. § 20-7-30 (1976) defines a status offense as any offense which would not be a misdemeanor or felony if committed by an adult, such as incorrigibility, truancy and running away. At the time of sentencing, S.C. Code Ann. § 20-7-2205 provided:

> A child who is guilty of a violation of law or other misconduct which would not be a criminal offense if committed by an adult, including a child who has been found in contempt of court for violation of a court order related to the violation or misconduct or **a child who violates the conditions of probation for an offense, must not be committed to the custody of a correctional institution operated by the Department of Juvenile Justice or to secure evaluation centers operated by the department.** (Emphasis ours.)

The State argues Catrice's appeal is now moot because she has already served her sentence and has been released from the custody of DJJ. In the case of *In re Darlene C.*, 278 S.C. 664, 301 S.E. (2d) 136 (1983), our Supreme Court adopted the position taken by the United States Supreme Court in *Roe v. Wade*, 410 U.S. 113, 93 S.Ct.

705, 35 L.Ed. (2d) 147 (1973), holding that when an issue is "capable of repetition but evading review" the court will not refuse to consider the issue based on mootness. In *Byrd v. Irmo High School*, 321 S.C. 95, 468 S.E. (2d) 861 (1996), the Supreme Court clarified the exceptions to the mootness doctrine in South Carolina. The Court held that a court may take jurisdiction of a case if (1) the challenged action in its duration was too short to be fully litigated prior to its cessation or expiration; and (2) the relevant issue is "capable of repetition but evading review." *Id.* 468 S.E. (2d) at 864 (quoting *In re Darlene C.*, 278 S.C. at 665, 301 S.E. (2d) at 137).

In the present case, the sentence was in fact too brief to be fully litigated through appeal prior to its expiration and, thus, meets the *In re Darlene C.* test. However, there is little expectation that a juvenile litigant such as Catrice will be subjected to the same "unlawful" sentence again in view of the fact S.C. Code Ann. § 20-7-2205 (Supp. 1995) has been amended, effective January 1, 1996, to allow family court judges to sentence status offenders to correctional facilities operated by DJJ for up to 90 days. Thus, the issue is not capable of repetition while evading review.

Having concluded this case does not meet the nonmootness test of *In re Darlene C.*, as clarified by our Supreme Court in *Byrd v. Irmo High School*, we dismiss Catrice's appeal as moot.

Dismissed.

CURETON, GOOLSBY and ANDERSON, JJ., concur.