THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Donald Martin, Appellant,
 v.
 Audrey
 Halverson, Respondent.
 
 
 

Appeal From Lexington County
 Richard W. Chewning, III, Family Court
 Judge
Unpublished Opinion No. 2008-UP-152
Submitted March 3, 2008  Filed March 10,
 2008
AFFIRMED

 
 
 
 John D. Elliott, of Columbia; for Appellant.
 William E. Bird, of Columbia; for Respondent.
 
 
 

PER CURIAM: 
 Donald Martin appeals certain provisions of a family court order concerning his
 visitation with his daughter.  We affirm.[1]
FACTS AND PROCEDURAL HISTORY
Reilly Ann Martin
 was born to Donald Martin and Audrey Halverson on July 5, 2000, while Halverson
 was separated from her husband.  Although Halverson and her husband later reconciled,
 Martin visited with Reilly regularly after her birth.
In April or May of 2002,
 Halverson informed Martin she, her husband, and Reilly were moving to Newport News , Virginia.  Because of this development, Martin brought suit in July 2002 to
 establish his paternity and ensure continued access to the child.
At a pendente lite hearing in the Lexington County Family Court on July 19, 2002, the
 parties informed the court they had reached an agreement under which they would
 have joint custody of Reilly with Halverson having primary custodial care and
 Martin being allowed to visit with her in Virginia at his own expense and with
 proper notice.  They also settled the issue of child support.  Because,
 however, they were unable to agree on other visitation terms, the family court
 set visitation on a temporary basis, granting Martin two one-week periods in
 the Fall of 2002, and provided a guardian ad litem would be
 appointed for Reilly if Martin and Halverson could not reach a mutually
 acceptable agreement concerning visitation between Martin and Reilly.
After the temporary hearing, the parties reached
 an agreement under which Martin would see Reilly for a week at a time when his
 work schedule allowed.  The arrangement continued until August 2004, when Reilly,
 while visiting relatives in Michigan with Martin, fractured her arm at a fast
 food restaurant playground.  After this occurrence, Halverson restricted
 Martins visitation with Reilly, prompting him to bring another lawsuit, this
 time to establish visitation rights with Reilly in accordance with her age and
 school activities and taking into account the distance between the parties.  
 
Although
 the parties eventually agreed on visitation terms for Thanksgiving, Christmas,
 and spring vacation, they could not agree on terms for weekends and summer
 vacation.  In addition, they disagreed on transportation arrangements.
After
 taking testimony, the family court issued an order on February 3, 2006, requiring
 among other things that, for any three-day weekend visit in South Carolina, Halverson
 would take Reilly to Columbia and Martin would return her to Newport News at
 the end of the visit.  In addition, Martin was granted three weeks of
 visitation in the summer with Reilly.
Martin
 moved to alter or amend the order, asking the family court to reconsider
 transportation arrangements and requesting additional time to visit with Reilly
 in the summer.  After a hearing on June 12, 2006, the family court, by order
 dated August 10, 2006, declined to change the transportation arrangements, but
 granted Martin an additional week of visitation in the summer.  This appeal
 followed.
STANDARD OF REVIEW
The
 determination of visitation is within the broad discretion of the family court,
 and, unless that discretion is abused, a visitation order will not be disturbed
 on appeal.  Cudd v. Arline, 277 S.C. 236, 239, 285 S.E.2d 881, 883
 (1981).  The family court may in its discretion impose on a noncustodial parent
 such conditions and restrictions on visitation as it finds proper.  Frye v.
 Frye, 323 S.C. 72, 76, 448 S.E.2d 586, 588 (Ct. App. 1994).  The privilege of visitation must yield to the good of the
 child and may be denied or limited where the best interests of the child will
 be served thereby.  Porter v. Porter, 246 S.C. 332, 340, 143
 S.E.2d 619, 624 (1965).
LAW/ANALYSIS
1.  Martin first contends the
 family court should have required both parents to meet halfway for most of the
 visits.  We disagree.  
In
 support of his position, Martin cites Patel v. Patel, 359 S.C. 515, 599
 S.E.2d 114 (Ct. App. 2004), in which this Court ordered the father of three
 children to pay transportation expenses for visits between him and the parties
 two younger children, characterizing his his move to California with their
 oldest child as unilateral.  Id. at 532, 599 S.E.2d at 123.  Martin also
 argues the family court overlooked the facts that he is the only parent who is
 employed and he therefore does not have a flexible schedule.  
Although
 these arguments support Martins desire to meet Halverson halfway to exchange
 Reilly for visits, they do not warrant reversal of the family court order. 
 First, Patel, the case on which Martin relies, involved the issue of
 travel expenses incurred in the exercise of out-of-state visitation, not the
 issue of inconvenience to the noncustodial parent.  Moreover, there is nothing
 in the record to suggest that Halverson moved to Virginia to impair Martins
 relationship with Reilly.  In addition, under the terms set by the family
 court, both Martin and Halverson have to travel one time from their respective
 home states and back to transport Reilly for visitation during three-day
 weekends.  Finally, the arrangement Martin desires reduces neither the burden
 nor the distance for either party.  Under these circumstances, we find the
 family court acted within its discretion in refusing to require the parties to
 meet halfway when exchanging Reilly for visits with Martin.
2.  Martin also contends the
 family court granted him insufficient time with Reilly in the summer.  He
 points out that Reilly is now in school and has thirteen weeks of summer
 vacation.  Citing Arnal v. Arnal, 363 S.C. 268, 609 S.E.2d 821 (Ct. App. 2005), affd as modified on other grounds, 371 S.C. 10, 636 S.E. 864
 (2006), he emphasizes that he would be better able to learn more about Reilly
 and her needs if given more time with the child to do so.  We, however, find no
 abuse of discretion in the family courts decision to limit Martin to four
 weeks of visitation in the summer with Reilly.  See Woodall v.
 Woodall, 322 S.C. 7, 12, 471 S.E.2d 154, 158 (1996) (stating the issue of
 visitation is within the discretion of the family court).  
Based
 on the evidence in the record, we find the family court fashioned a summer
 visitation schedule that was in Reillys best interest.  See id. (When awarding visitation, the controlling consideration is the welfare and
 best interest of the child.).  As Halverson noted, during extended periods of
 visitation with Reilly, Martin would have to work, which would require him to
 put Reilly in some type of childcare environment.  Halverson further testified
 that, the one time she attempted to enroll Reilly in daycare, Reilly became
 confrontational.  Moreover, Halverson indicated she is amenable to increasing the
 summer visitation when Reilly is older.  We therefore hold that, considering
 Martins work schedule, Reillys age, and other pertinent factors, the summer
 visitation granted by the family court is reasonable and in Reillys best
 interest.[2]
AFFIRMED.
ANDERSON, SHORT, and THOMAS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2]  Halverson requested reinstatement of the family
 courts original order, under which Martin received only three weeks of
 visitation in the summer; however, she did not file an appellants brief on
 this issue.  We therefore hold the request is not properly before this Court
 and decline to address it.  See Rules 208(a)(1) and (b)(1)(B), SCACR
 (setting forth deadlines requirements for the appellants initial brief,
 including a statement of each of the issues presented for review); id. Rule 21l (stating the deadlines and requirements for final briefs); id. Rule 231 (Whenever it appears that an appellant or a petitioner has failed to
 comply with the requirements of these Rules, the clerk shall issue an order of
 dismissal, which shall have the same force and effect as an order of the
 appellate court.).