**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services, Respondent,

v.

Jessica Scott, Joseph Hernandez, Mark Scott, George Branham, Defendants,

Of Whom George Branham is the Appellant,

In the Interest of Minors under the age of 18 years.

Appellate Case No. 2012-208866

Appeal From Kershaw County
W. Thomas Sprott, Jr., Family Court Judge

Unpublished Opinion No. 2012-UP-582
Submitted October 1, 2012 – Filed October 31, 2012

**AFFIRMED**

Jeffrey M. Tzerman, of Camden, for Appellant.

Virginia Ann Mullikin, of South Carolina Department of Social Services, of Camden, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Buist v. Buist*, ___ S.C. ___, ___, 730 S.E.2d 879, 885 (Ct. App. 2012) ("[T]he welfare and best interests of the child are the primary considerations in determining visitation.  Similarly, visitation is addressed to the broad discretion of the family court and its decision will not be disturbed on appeal absent abuse." (citation omitted)); *Frye v. Frye*, 323 S.C. 72, 76, 448 S.E.2d 586, 588 (Ct. App. 1994) ("A family court may impose upon a noncustodial parent such conditions and restrictions on his visitation privileges as the court, in its discretion, thinks proper.").[1]

**AFFIRMED.**[2]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We note both parties agree the current order denying phone visitation imposes a condition that requires the children to seek counseling before any visitation can be revisited.  While the family court had the discretion to impose this condition, the family court may also revisit this condition in the future.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.