**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Desiree Gabriel Brown, Respondent,

v.

Wendell Brown, Appellant.

Appellate Case No. 2012-212598

─────────────

Appeal From York County
Robert E. Guess, Family Court Judge

─────────────

Unpublished Opinion No. 2014-UP-442
Heard September 9, 2014 – Filed December 3, 2014

─────────────

**AFFIRMED**

─────────────

Wendell Brown, pro se, for Appellant.

David Christopher Shea, of the Law Offices of Shea and Barron, of Columbia, for Respondent.

─────────────

**PER CURIAM:** Wendell Brown argues the family court erred in finding him in willful contempt for failing to pay Desiree Brown (Wife) her interest in the marital residence and ordering him to pay Wife's attorney's fees. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Frye v. Frye*, 323 S.C. 72,

75-76, 448 S.E.2d 586, 588 (Ct. App. 1994) (finding the issue of the father's contempt moot when the father complied with the contempt order by paying certain medical bills); *Jordan v. Harrison*, 303 S.C. 522, 524, 402 S.E.2d 188, 189 (Ct. App. 1991) (finding the issue of the husband's contempt moot when the husband complied with the contempt order by paying his child support arrearages and a fine); and *Chappell v. Chappell*, 282 S.C. 376, 377, 318 S.E.2d 590, 591 (Ct. App. 1984) ("Where one held in contempt for violation of a court order complies with the order, his compliance renders the question concerning whether he was in contempt academic or moot and precludes appellate review of the contempt proceedings." (citations omitted)).

**AFFIRMED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**