**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Amie Carroll Gitter, Appellant,

v.

Morris Frederick Gitter, Respondent,


Charleston County Department of Social Services, Respondent,

v.

Amie Gitter and Morris Gitter, Defendants,

Of Whom Amie Gitter is the Appellant,

and Morris Gitter is the Respondent.

In the interest of a Minor Child.


Amie Carroll Gitter, Appellant,

and Doris Finley, Renee Finley, and Michelle Finley-Pate, Defendants,

v.

Morris Frederick Gitter, Respondent.

Appellate Case No. 2009-112446

Appeal From Charleston County
Jack A. Landis, Family Court Judge
Jocelyn B. Cate, Family Court Judge


Unpublished Opinion No. 2015-UP-069
Heard November 12, 2014 – Filed February 11, 2015


**AFFIRMED**


Thomas R. Goldstein, of Belk Cobb Infinger &
Goldstein, PA, of Charleston, for Appellant.

Robert N. Rosen, of Rosen Law Firm, LLC, and
Christopher Brian Paton, of Chris Paton LLC, both of
Charleston, for Respondent.


**PER CURIAM:** Amie Carroll Gitter (Mother) appeals the family court's (1) awarding Morris Frederick Gitter (Father) custody of their daughter (Child), contending both parties are equally fit; (2) requiring her to attend counseling; (3) not ordering counseling for Child; (4) striking an argument; and (5) awarding attorney's fees. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in awarding Father custody of Child: *Reed v. Pieper*, 393 S.C. 424, 434, 713 S.E.2d 309, 314-15 (Ct. App. 2011) (finding an issue not raised to or ruled on by the family court should not be considered by the appellate court); *Shirley v. Shirley*, 342 S.C. 324, 330, 536 S.E.2d 427, 430 (Ct. App. 2000) ("Custody decisions are matters left largely to the discretion of the [family] court."); *Latimer v. Farmer*, 360 S.C. 375, 381, 602 S.E.2d 32, 35 (2004) ("As in all matters of child custody, a change in custody analysis inevitably asks whether the transfer in custody is in the child's best interests."); *id.* ("A change in circumstances justifying a change in the custody of a child simply means that

sufficient facts have been shown to warrant the conclusion that the best interests of the children would be served by the change." (internal quotation marks omitted)).

2. As to whether the family court erred in requiring Mother to attend counseling: *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 55 (Ct. App. 2006) (holding a wife's argument was not preserved for appellate review because she failed to point out the alleged error to the family court in her Rule 59(e), SCRCP, motion); *Nash v. Byrd*, 298 S.C. 530, 536, 381 S.E.2d 913, 916 (Ct. App. 1989) ("In determining visitation rights, the welfare of the child is the paramount consideration."); *Frye v. Frye*, 323 S.C. 72, 76, 448 S.E.2d 586, 588 (Ct. App. 1994) ("A family court may impose upon a noncustodial parent such conditions and restrictions on his visitation privileges as the court, in its discretion, thinks proper."); *id.* ("The privilege of visitation must yield to the best interests of the children and may be denied or limited if the best interests of the children will be served thereby."); *id.* ("In the absence of a clear abuse of discretion, the trial court's order regarding visitation rights will not be disturbed on appeal.").

3. As to whether the family court erred in not ordering counseling for Child: *Myers v. Myers*, 391 S.C. 308, 321, 705 S.E.2d 86, 93 (Ct. App. 2011) (holding an issue is not preserved for our review if the party does not point out the alleged error to the family court in a Rule 59(e) motion).

4. As to whether the family court erred in striking an argument: Rule 12(f), SCRCP ("Upon motion pointing out the defects complained of . . . the court may order stricken from any pleading . . . any redundant, immaterial, impertinent or scandalous matter.").

5. As to whether the family court erred in awarding attorney's fees: *Lewis v. Lewis*, 392 S.C. 381, 394, 709 S.E.2d 650, 656 (2011) ("[T]he decision to award attorney fees[] rests within the sound discretion of the family court."); *Anderson v. Tolbert*, 322 S.C. 543, 549-50, 473 S.E.2d 456, 459 (Ct. App. 1996) (holding when a party fails to cooperate and his or her behavior prolongs proceedings, this is a basis for holding him or her responsible for the other party's attorney's fees incurred as a result); *Donahue v. Donahue*, 299 S.C. 353, 365, 384 S.E.2d 741, 748 (1989) (holding a husband's "lack of cooperation . . . serves as an additional basis for the award of attorney's fees"); *Johnson v. Johnson*, 296 S.C. 289, 304, 372 S.E.2d 107, 115 (Ct. App. 1988) (citing a husband's lack of cooperation in discovery as a basis for increasing his wife's attorney's fees award on appeal).

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**