**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dana M. Gilbert, Respondent,

v.

Charles John Hornack, Appellant.

Appellate Case No. 2013-001567

———————————

Appeal From Spartanburg County
James F. Fraley, Jr., Family Court Judge

———————————

Unpublished Opinion No. 2015-UP-104
Submitted January 1, 2015 – Filed March 4, 2015

———————————

**AFFIRMED**

———————————

Charles John Hornack, of Duncan, pro se.

Dana M. Gilbert, of Duncan, pro se.

———————————

**PER CURIAM:**  Charles John Hornack (Father) appeals the family court's order of contempt, arguing the family court erred in finding him in willful contempt and refusing to modify his child support at the contempt proceeding.  We affirm pursuant to Rule 220(b), SCACR.

1. As to whether the family court erred in finding Father in willful contempt for failing to pay child support[1]: *Frye v. Frye*, 323 S.C. 72, 75-76, 448 S.E.2d 586, 588 (Ct. App. 1994) (finding the issue of the father's contempt moot when the father complied with the contempt order by paying certain medical bills); *Jordan v. Harrison*, 303 S.C. 522, 524, 402 S.E.2d 188, 189 (Ct. App. 1991) (finding the issue of the husband's contempt moot when the husband complied with the contempt order by paying his child support arrearages and a fine); *Chappell v. Chappell*, 282 S.C. 376, 377, 318 S.E.2d 590, 591 (Ct. App. 1984) ("Where one held in contempt for violation of a court order complies with the order, his compliance renders the question concerning whether he was in contempt academic or moot and precludes appellate review of the contempt proceedings.").

2. As to whether the family court erred in refusing to modify Father's child support obligation at the contempt proceeding: S.C. Code Ann. § 63-17-830(A) (2010) (providing to request a modification in child support, the parent must file a written request for modification of an order with the Division); *S.C. Dep't of Soc. Servs. v. Polite*, 391 S.C. 275, 280, 705 S.E.2d 78, 81 (Ct. App. 2011) (providing the proper step to seek modification is to serve the Division by certified mail).

**AFFIRMED.**[2]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] Father alleged the family court erred in finding him in willful contempt because the family court (1) did not consider his return to the rule to show cause, (2) disregarded the November 2011 temporary order, (3) failed to dismiss the contempt action when Father purged himself of contempt by paying the arrears and fine, (4) allowed the clerk of court to present the incorrect file, (5) found Father in contempt when no evidence supported the finding, (6) did not address Dana Gilbert's alleged perjury, (7) did not address whether the Child Support Enforcement Division of the South Carolina Department of Social Services (the Division) failed to respond to Father's communications, and (8) miscalculated the arrearages by $35.70.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.