**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

A. Marion Stone, III, Respondent,

v.

Susan B. Thompson, Appellant.

Appellate Case No. 2015-002495

———————

Appeal From Charleston County
Deborah A. Malphrus, Family Court Judge

———————

Unpublished Opinion No. 2017-UP-289
Submitted May 1, 2017 – Filed July 12, 2017

———————

**AFFIRMED**

———————

Donald Bruce Clark, of Donald B. Clark, LLC, and
Margaret D. Fabri, both of Charleston, for Appellant.

Alexander Blair Cash and Daniel Francis Blanchard, III,
both of Rosen Rosen & Hagood, LLC, of Charleston, for
Respondent.

———————

**PER CURIAM:** Susan B. Thompson appeals the family court's order of
contempt, arguing the family court erred in (1) finding her in contempt, (2)
awarding A. Marion Stone, III relief he did not ask for in his pleadings, (3)

awarding Stone attorney's fees and costs, and (4) not awarding her attorney's fees and costs. We affirm.

1. Initially, we find the issues regarding the family court's contempt finding are moot because Thompson complied with the contempt order. *See Chappell v. Chappell*, 282 S.C. 376, 377, 318 S.E.2d 590, 591 (Ct. App. 1984) ("Where one held in contempt for violation of a court order complies with the order, his compliance renders the question concerning whether he was in contempt academic or moot and precludes appellate review of the contempt proceedings."); *Frye v. Frye*, 323 S.C. 72, 75, 448 S.E.2d 586, 588 (Ct. App. 1994) (holding an issue of whether the appellant should have been held in contempt was moot because the respondent asserted appellant paid the amounts due under the contempt order and the appellant did not refute his compliance in his appellate briefs). Additionally, these issues do not fall under the mootness exception for issues capable of repetition, yet evading review. *See In re Catrice S.*, 322 S.C. 204, 207, 470 S.E.2d 856, 858 (Ct. App. 1996) (holding the issue of a juvenile's sentence to DJJ for a status offense was not capable of repetition because the statute had been amended to allow the family court to sentence status offenders to DJJ); *see also Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 27, 630 S.E.2d 474, 478 (2006) (providing an issue must truly evade review to fall under the exception to the mootness doctrine for issues capable of repetition, yet evading review).

2. Further, we find Thompson's argument that the family court granted Stone relief he did not request in his pleadings is not preserved for review because she failed to file a Rule 59(e), SCRCP, motion. *See In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("When a party receives an order that grants certain relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal.").

3. We find the family court did not abuse its discretion in awarding Stone attorney's fees. *See Dickert v. Dickert*, 387 S.C. 1, 10, 691 S.E.2d 448, 452 (2010) ("Whether to award attorney's fees is a matter within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion."); *Miller v. Miller*, 375 S.C. 443, 463, 652 S.E.2d 754, 764 (Ct. App. 2007) ("Courts, by exercising their contempt power, can award attorney's fees under a compensatory contempt theory. Compensatory contempt seeks to reimburse the party for the costs it incurs in forcing the non-complying party to obey the court's orders." (citation omitted)).

4.  Further, we find the family court did not abuse its discretion in not awarding Thompson attorney's fees because it found Stone achieved beneficial results, Thompson had the ability to pay Stone's attorney's fees, and Thompson's standard of living would not be affected by the attorney's fees award.  *See Dickert v. Dickert*, 387 S.C. 1, 10, 691 S.E.2d 448, 452 (2010) ("Whether to award attorney's fees is a matter within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion."); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) ("In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; (4) effect of the attorney's fee on each party's standard of living.").

**AFFIRMED.**[1]

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.