**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Windswept Villas III Horizontal Property Regime, Respondent,

v.

Elaine Devlin Peery a/k/a Elaine D. Peery, Appellant.

Appellate Case No. 2014-002242

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2017-UP-323
Heard March 7, 2017 – Filed August 2, 2017

**AFFIRMED**

Vernee Chnita Hancock, of Hancock Law Firm, of Summerville, for Appellant.

George Trenholm Walker, of Walker Gressette Freeman & Linton, LLC, of Charleston, for Respondent.

**PER CURIAM:** Elaine Devlin Peery appeals the master-in-equity's orders finding her in contempt, sanctioning her to fines, disbursing funds held in trust to Windswept Villas III Horizontal Property Regime (Windswept), and denying her Rule 60(b) of the South Carolina Rules of Civil Procedure (SCRCP) motion to

vacate a prior judgment.  On appeal, Peery argues the master erred in (1) finding he had personal jurisdiction when Windswept never established proper service, (2) denying her procedural due process by granting Windswept relief without requiring it to prove proper service, and (3) awarding Windswept attorney's fees. We affirm.

1.  We find the master did not err in denying Peery's motion to vacate the prior judgment pursuant to Rule 60(b), SCRCP:  *See* Rule 5(b)(1), SCRCP ("Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court.  Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of court.  Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at his office with his clerk or other person in charge thereof; or, if there be no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving a copy at his dwelling place or usual place of abode with some person of suitable age and discretion then residing therein.  Service by mail is complete upon mailing of all pleadings and papers subsequent to service of the original summons and complaint.").  Windswept served Peery by serving the crossclaim on Peery's counsel, W. Barnwell Vaughan, on December 3, 2009.  Thus, the master had personal jurisdiction over Windswept's crossclaim.

2. We find the attorney's fees issue is moot as Peery admitted she had paid the fees, which the master had imposed on her as a contempt sanction.  *See Chappell v. Chappell*, 282 S.C. 376, 377, 318 S.E.2d 590, 591 (Ct. App. 1984) (stating the payment of a fine imposed in a contempt proceeding waives the right of review).

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**