**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Christine Crabtree, Respondent,

v.

Donald Clinton Crabtree, Appellant.

Appellate Case No. 2016-001362

———————

Appeal From Sumter County
George M. McFaddin, Jr., Family Court Judge

———————

Unpublished Opinion No. 2017-UP-461
Submitted November 1, 2017 – Filed December 13, 2017

———————

**AFFIRMED**

———————

Harry C. Wilson, Jr., of Lee, Erter, Wilson, Holler & Smith, LLC, of Sumter, for Appellant.

Marian Dawn Nettles, of Nettles, Turbeville & Reddeck, of Lake City, and Michael W. Self, of McDougall, Self, Currence & McLeod, LLP, of Sumter, both for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Frye v. Frye*, 323 S.C. 72, 75-76, 448 S.E.2d 586, 588 (Ct. App. 1994) (per curiam) (finding the issue of the father's contempt moot when the father

complied with the contempt order by paying certain medical bills); *Jordan v. Harrison*, 303 S.C. 522, 524, 402 S.E.2d 188, 189 (Ct. App. 1991) (finding the issue of the husband's contempt moot when the husband complied with the contempt order by paying his child support arrearages and a fine); *Chappell v. Chappell*, 282 S.C. 376, 377, 318 S.E.2d 590, 591 (Ct. App. 1984) ("Whe[n] one held in contempt for violation of a court order complies with the order, his compliance renders the question concerning whether he was in contempt academic or moot and precludes appellate review of the contempt proceedings."); *Miller v. Miller*, 375 S.C. 443, 463, 652 S.E.2d 754, 764 (Ct. App. 2007) ("Courts, by exercising their contempt power, can award attorney's fees under a compensatory contempt theory."); *id.* ("Compensatory contempt seeks to reimburse the party for the costs it incurs in forcing the non-complying party to obey the court's orders.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.