**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kim R. Varner, Respondent,

In re: Cheryl DiMarco, Plaintiff,

v.

Brian A. DiMarco, Appellant.

Appellate Case No. 2022-000552

———————

Appeal From Greenville County
W. Marsh Robertson, Family Court Judge

———————

Unpublished Opinion No. 2024-UP-233
Submitted June 1, 2024 – Filed July 3, 2024

———————

**AFFIRMED**

———————

Brian A. DiMarco, of Greenville, pro se.

Kim R. Varner and Charles Grant Varner, both of Varner
& Segura, of Greenville, for Respondent.

———————

**PER CURIAM:** Brian A. DiMarco (Husband), pro se, appeals the family court's contempt order sanctioning him to ninety days' imprisonment for failing to furnish $25,000 in attorney's fees to Cheryl DiMarco's (Wife's) attorney—Kim R. Varner—as ordered by the family court in 2008. On appeal, Husband argues the

family court erred in finding that the family court's 2008 award of attorney's fees was not expired (the 2008 order). We affirm pursuant to Rule 220(b), SCACR.

We hold Husband's arguments that the family court erred in (1) failing to dismiss the action because of the inconsistent captions in the filings, and (2) violating his constitutional rights for imposing a prison sentence for his debt in a non-fraud action, are not preserved for appellate review. Husband did not argue these issues during the contempt hearing or assert them in his motion to reconsider; thus, they were not preserved because they were not raised to or ruled upon by the family court. *See McDavid v. McDavid*, 333 S.C. 490, 497, 511 S.E.2d 365, 368-69 (1999) (holding issues not raised to or ruled on by the family court are not preserved for appellate review).

Moreover, Husband purged the contempt by paying Varner $25,000. Therefore, we hold any issues related to his contention that he did not owe the $25,000 are moot; namely, his allegations that the family court erred in (3) determining the 2008 order was not a monetary judgment lien, (4) enforcing the 2008 order by a rule to show cause action, (5) finding the appeals process tolled the 2008 order, (6) relying on *Pelzer Mfg. v. Cely*[1] in finding the attorney's fees here are not the same as a money judgment because the payment of the fees is from a party to a non-party, (7) applying *State v. Cooper*[2] because attorney's fees are not "incidental" nor "collateral," (8) disregarding Varner's failure to enforce his lien within a reasonable time, and (9) finding Husband's appeal prevented Varner from collecting his fees. *See Chappell v. Chappell*, 282 S.C. 376, 377, 318 S.E.2d 590, 591 (Ct. App. 1984) ("Where one held in contempt for violation of a court order complies with the order, his compliance renders the question concerning whether he was in contempt academic or moot and precludes appellate review of the contempt proceedings.").

We hold Husband's tenth argument—asserting the trial court erred by directing him to pay the $25,000 in attorney's fees to Varner rather than to Wife—is the law of the case because Husband did not appeal the 2008 order on this specific ground. *See Reiss v. Reiss*, 392 S.C. 198, 206, 708 S.E.2d 799, 803 (Ct. App. 2011) (finding a family court's ruling that was not appealed is the law of the case).

Finally, as to Husband's eleventh argument—that interest should have started accruing in 2019 because that is the effective date of the 2008 order—we disagree because that was the date our supreme court remitted the case, not the date the

---

[1] 40 S.C. 430, 18 S.E. 790 (1894).
[2] 342 S.C. 389, 536 S.E.2d 870 (2000).

judgment was entered. *See* S.C. Code Ann. § 15-39-30 (2005) ("Executions may issue upon final judgments or decrees at any time within ten years from the date of the original entry thereof and shall have active energy during such period, without any renewal or renewals thereof, and this whether any return may or may not have been made during such period on such executions."). Accordingly, we affirm the family court's ruling.

**AFFIRMED.**[3]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.