**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Denise Cape, Respondent,

v.

Anthony Cape, Appellant.

Appellate Case No. 2024-001054

―――――――――

Appeal From Greenwood County
Mindy W. Zimmerman, Family Court Judge

―――――――――

Unpublished Opinion No. 2026-UP-235
Submitted April 1, 2026 – Filed May 20, 2026

―――――――――

**AFFIRMED**

―――――――――

Stephen Drew Geoly, of Geoly Law Firm, of Greenwood,
for Appellant.

Thomas Philip Austin, of Greenwood, for Respondent.

―――――――――

**PER CURIAM:** Anthony Cape appeals an order of the family court (1) finding him in civil contempt of court, (2) sentencing him to six months' imprisonment, and (3) allowing him to purge his sentence by paying $7,500. On appeal, Appellant argues the family court erred when it (1) held a civil contempt hearing when Appellant's counsel was not present, (2) addressed a child support matter when he had appeared before the family court to address a separate matter, (3) did

not allow him to present evidence that he had met his child support obligation, (4) made a finding of civil contempt despite there being no sworn evidence indicating that Appellant willfully failed to pay child support, and (5) did not allow Appellant to consult with his attorney and present evidence to determine the correct amount of child support owed.  We affirm pursuant to Rule 220(b), SCACR.[1]

We hold Appellant's fourth issue, alleging the family court erred when it found him in civil contempt, is moot because the family court's order provided that he could purge his contempt and would be released from confinement if he paid $7,500, Appellant did pay the $7,500, and the family court purged his contempt.  *See Chappell v. Chappell*, 282 S.C. 376, 377-78, 318 S.E.2d 590, 591 (Ct. App. 1984) (finding the appellant's appeal was moot and unappealable when he purged himself of contempt).  We further hold Appellant's remaining issues, which arise out of the contempt proceedings, are precluded from appellate review.  *See id.* at 377, 318 S.E.2d at 591 ("Where one held in contempt for violation of a court order complies with the order, his compliance renders the question concerning whether he was in contempt academic or moot and precludes appellate review of the contempt proceedings.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] Respondent did not file a brief.  Although this court may take any action it deems proper, including reversal, when a respondent fails to timely file a brief, we find the record on appeal contains sufficient grounds for this court to affirm.  *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision[,] or judgment upon any ground(s) appearing in the [r]ecord on [a]ppeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.